Samuel I. Portnoy, Esq.
Michael V. Caracappa, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102

-and-

Edmund Polubinski III (*pro hac vice*)
Dana Seshens (*pro hac vice*)
Daniel J. Schwartz (*pro hac vice*)
Marie Killmond (*pro hac vice*)
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017

*Counsel for Defendants Kornit Digital Ltd.,
Ronen Samuel, and Alon Rozner*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE KORNIT DIGITAL LTD. SECURITIES LITIGATION | No. 2:23-cv-00888-MCA-AME<br><br>CLASS ACTION |

**<u>ANSWER OF DEFENDANTS KORNIT DIGITAL LTD., RONEN SAMUEL,
AND ALON ROZNER</u>**

Defendants Kornit Digital Ltd., Ronen Samuel, and Alon Rozner state as follows:

The non-numbered paragraph at the beginning of the Amended Consolidated Complaint (the "Complaint"), does not constitute an allegation and no response is required. To the extent a response is required, deny the paragraph, and deny knowledge or information sufficient to form a belief as to the purported basis for Plaintiffs' allegations. [1]

1. Deny Paragraph 1. To the extent Paragraph 1 purports to reference statements made during Kornit's earnings call on or about November 10, 2021, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof. To the extent Paragraph 1 references other statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy.

2. Deny Paragraph 2. To the extent Paragraph 2 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

---

[1] The Table of Contents and section headings of the Complaint do not constitute allegations and no response is required. To the extent the Court would consider any section headings to constitute allegations, they are denied.

3.      Deny Paragraph 3, except admit that Kornit conducted a public offering in November 2021, during which it sold shares for aggregate net proceeds of approximately $340 million. To the extent Paragraph 3 contains a description of Plaintiffs' claims which have been dismissed pursuant to the Court's September 4, 2025 Order Granting in Part and Denying in Part the Kornit Defendants' Motion to Dismiss (the "MTD Order"), no response is required.  To the extent Paragraph 3 references statements by Kornit, respectfully refer the Court to the document in which the statement is purportedly contained for completeness and accuracy, and deny any characterizations thereof.

4.      Deny Paragraph 4, including footnote 1, except admit that Kornit's quarterly earnings call for the fourth quarter of 2020 took place after the market closed on February 16, 2021, and that Kornit is a manufacturer of commercial textile printers, ink, and supplies.  To the extent Paragraph 4 purports to define the alleged Class Period, no response is required.

5.      Deny Paragraph 5 and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.  To the extent Paragraph 5 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

6.      Deny Paragraph 6, except admit that Kornit offered service contracts with its products.  To the extent Paragraph 6 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

7.      Deny Paragraph 7.  To the extent Paragraph 7 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

8.      Deny Paragraph 8, except admit that Kornit offered a "Kornit Konnect" software—an operational data analytics and business intelligence platform that enables businesses to maximize productivity of their digital printing solutions—to its customers, and that Kornit Konnect could be used by Kornit personnel to check certain customer usage metrics.  To the extent Paragraph 8 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

9.      Deny Paragraph 9, and deny knowledge or information sufficient to form a belief as to whether the unidentified employees made such alleged statements, except admit that Jeffrey Loomis was hired by Kornit in January 2022 as a Global & National Accounts Director.

10.     Deny Paragraph 10. To the extent Paragraph 10 purports to reference Kornit's Earnings Call on or about November 10, 2021, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof, and deny any characterizations thereof.

11.     Deny Paragraph 11.  To the extent Paragraph 11 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

12.     Deny Paragraph 12, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements, except admit that Kornit introduced KornitX software services, a cloud-based software system, in 2021, as stated in Kornit's March 30, 2022 Form 20-F, and respectfully refer the Court to the document for a complete and accurate statement of its contents.   To the extent Paragraph 12 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

13.     Deny Paragraph 13.  To the extent Paragraph 13 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

14.     Deny Paragraph 14, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.  To the extent Paragraph 14 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

15.     Deny Paragraph 15, except admit that Kornit conducted a public offering in November 2021 during which it sold shares for aggregate net proceeds of approximately $340 million. To the extent Paragraph 15 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

16.     Deny Paragraph 16, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements, except admit that Don Whaley was employed by Kornit as Vice President of Sales in 2021 and 2022.

17.     Deny Paragraph 17, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements. To the extent Paragraph 17 purports to reference statements made during Kornit's Earnings Call held on or about May 11, 2022, respectfully refer the Court to the

transcript of the call for a complete and accurate statement of its contents, and deny any characterizations thereof.

18.    Deny Paragraph 18. To the extent Paragraph 18 purports to reference Kornit's Earnings Call held on or about August 10, 2022 and Kornit's presentation at the Stifel Cross Sector Insight Conference on or about June 8, 2022, respectfully refer the Court to the transcripts for a complete and accurate statement of their contents, and deny any characterizations thereof.

19.    Deny Paragraph 19, except admit that (i) Kornit stock closed at approximately $23.46 on July 6, 2022; (ii) Kornit filed Forms 6-K on May 11, 2022 and July 5, 2022 to announce quarterly financial results, and respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof; and (iii) Kornit's Form 20-F filed on March 28, 2024 reported its 2023 revenue as approximately $219 million and Kornit's Form 6-K filed on August 7, 2024 reports its revenue for the first half of 2024 as approximately $92 million, and respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.  To the extent that the allegations of Paragraph 19 purport to describe particular documents reflecting statements of analysts, no response is required. Defendants refer to those documents, which speak for themselves, and deny any characterizations thereof.

20. Deny Paragraph 20, except admit that Plaintiffs seek to bring claims under Rule 10b-5 and §§ 10(b) and 20(a) of the Exchange Act. The second sentence of Paragraph 20 purports to state conclusions of law to which no response is required.

21. Deny Paragraph 21, except admit that Kornit's United States headquarters are located in Englewood, New Jersey.

22. Deny Paragraph 22, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's description of themselves and Plaintiff's alleged purchase of Kornit ordinary shares.

23. Deny Paragraph 23, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' description of themselves and Plaintiffs' alleged purchase of Kornit ordinary shares.

24. Deny Paragraph 24, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's description of themselves and Plaintiff's alleged purchase of Kornit ordinary shares.

25. Admit Paragraph 25.

26. Deny Paragraph 26, except admit that Mr. Samuel is presently the Chief Executive Officer of Kornit and has served in the position since January 8, 2018.

27. Deny Paragraph 27, except admit that Mr. Rozner served as Kornit's Chief Financial Officer from December 1, 2020 to November 2022.

28. Deny Paragraph 28.

29.     Deny Paragraph 29, except admit that (i) Kornit was founded in Israel in 2002 and centers its business on the textile printing industry; and (ii) Kornit has described its mission as "revolutioniz[ing] . . . " the fast-changing textile printing industry away from "analog processes that have not evolved for decades," including in Exhibit 99.1 to its March 17, 2021 Form 6-K, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.[2]

30.     Deny Paragraph 30, except admit that (i) Kornit conducted an initial public offering in April 2015; (ii) Mr. Samuel joined Kornit as Chief Executive Officer on January 8, 2018; and (iii) Kornit reported year-over-year revenue growth of approximately 25% for Fiscal Years 2018 and 2019 in its Forms 20-F corresponding to those years, and respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

31.     Deny Paragraph 31, except admit that Kornit's technology allows customers to print designs and patterns directly onto fabrics.

---

[2] To the extent the allegations included in Section IV, "Summary of the Fraud," of the Complaint are offered in support of claims and theories that have been dismissed pursuant to the MTD Order, no response is required.

32. Deny Paragraph 32, and deny knowledge or information sufficient to form a belief as to the truth of the allegations specific to M&R Printing's product pricing, except admit that (i) Kornit sells digital printing systems that offer both direct-to-garment and direct-to-fabric printing mechanisms; (ii) Kornit has produced printers including the Atlas, Avalanche, Vulcan, and Presto printing machines; and (iii) at the William Blair Growth Stock Conference on or about June 1, 2021, Mr. Samuel explained that the "street price" of an Atlas printer was "around $550,000," and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

33. Deny Paragraph 33, except admit Kornit earns revenue from printer systems, ink and consumables, software subscriptions, and service contracts, as stated in Kornit's Forms 20-F for years 2020–2022, and respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

34. Deny Paragraph 34, except admit that the majority of Kornit's revenues for Fiscal Years 2020–2022 came from sales of printer systems. To the extent Paragraph 34 purports to quote from Kornit's 2021 Form 20-F, respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

9

35.	Deny Paragraph 35.  To the extent Paragraph 35 purports to reference Kornit's 2021 Form 20-F, respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

36.	Deny Paragraph 36. To the extent Paragraph 36 purports to reference Kornit's Form 20-F filed March 25, 2021, Form 20-F filed March 30, 2022, and Form 20-F filed March 30, 2023, respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof. To the extent Paragraph 36 purports to quote from Kornit's Earnings Call on or about May 10, 2023, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

37.	Deny Paragraph 37, except admit that (i) Kornit is based in Israel and operates an international business; (ii) Chuck Meyo served as Kornit's President of the Americas from March 2020 to August 2023; (iii) as stated in Form 20-F filed on March 2023, Meyo was Kornit's third-highest paid employee as of December 31, 2021; and (iv) as stated in Form 20-F filed on March 2022, the Americas region generated approximately 68.2% of Kornit's revenue in 2022, and respectfully refer the Court to the 2022 and 2023 Forms 20-F for a complete and accurate statement of their contents, and deny any characterizations thereof.

10

38.     Deny Paragraph 38, except admit that Delta Apparel was one of Kornit's ten largest direct customers during the alleged Class Period, and that Amazon was Kornit's largest customer during the alleged Class Period.  To the extent Paragraph 38 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

39.     Deny Paragraph 39, except admit that Kornit held an Earnings Call on or about May 18, 2021, and participated in the 2021 Barclays Americas Select Franchise Virtual Conference on or about May 19, 2021, and respectfully refer the Court to the relevant transcripts for a complete and accurate statement of their contents, and deny any characterizations thereof.

40.     Deny Paragraph 40, except admit that Kornit offered a KornitX product to its customers, and to the extent Paragraph 40 references statements made during Kornit's presentation at the Barclays Global, Technology Media and Telecommunications Conference held on or about December 7, 2021, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.  To the extent Paragraph 40 references additional statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

41.    Deny Paragraph 41, including footnote 2, except admit that Kornit reported approximately $72.3 million in revenues in the fourth quarter of 2020, and respectfully refer the Court to the Form 6-K filed on February 16, 2021 for a complete and accurate statement of its contents, and deny any characterizations thereof.  To the extent Paragraph 41 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

42.    Deny Paragraph 42, except admit that Kornit reported approximately $92 million in revenues in the first half of 2024, and respectfully refer the Court to the Form 6-K (Ex. 99.2) filed in August 2024 for a complete and accurate statement of its contents, and deny any characterizations thereof. To the extent Paragraph 42 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for a complete and accurate statement of their contents, and deny any characterizations thereof.

43.    Deny Paragraph 43. To the extent Paragraph 43 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

44.    Deny Paragraph 44. To the extent Paragraph 44 references statements by Kornit, respectfully refer the Court to the documents in which the statements are

purportedly contained for completeness and accuracy, and deny any characterizations thereof.

45. Deny Paragraph 45. To the extent Paragraph 45 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

46. Deny Paragraph 46. To the extent Paragraph 46 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

47. Deny Paragraph 47. To the extent Paragraph 47 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

48. Deny Paragraph 48. To the extent Paragraph 48 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

49. Deny Paragraph 49. To the extent Paragraph 49 references statements by Kornit, respectfully refer the Court to the documents in which the statements are

purportedly contained for completeness and accuracy, and deny any characterizations thereof.

50. Deny Paragraph 50.

51. Deny Paragraph 51, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements. Footnote 3 purports to define a term and no response is required.

52. Deny Paragraph 52, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements, except admit that Chuck Meyo served as Kornit's President of the Americas from March 2020 to August 2023, and that Don Whaley served as Kornit's Vice President of Sales from October 2017 until December 2022.

53. Deny Paragraph 53, except admit that Arnor Dror served as Kornit's Chief Operating Officer for Kornit North America beginning in 2020, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

54. Deny Paragraph 54, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

55. Deny Paragraph 55, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

56.    Deny Paragraph 56, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

57.    Deny Paragraph 57, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

58.    Deny Paragraph 58, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

59.    Deny Paragraph 59, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

60.    Deny Paragraph 60, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

61.    Deny Paragraph 61, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.

62.    Deny Paragraph 62, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

63.    Deny Paragraph 63, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

64.    Deny Paragraph 64, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

65.    Deny Paragraph 65, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

66.    Deny Paragraph 66, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements, except admit that Udi Har-Nof served as Kornit's Vice President of Customer Success for Kornit North America during the alleged Class Period.

67.    Deny Paragraph 67, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements or as to the customer service experience of M&R customers.

68.    Deny Paragraph 68, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

69.    Deny Paragraph 69, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements or statements made by Meyo, Har-Nof or Loomis.

70.    Deny Paragraph 70, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

71.    Deny Paragraph 71, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

72.    Deny Paragraph 72, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements, except admit that Chuck Meyo served as Kornit's President of the Americas from March 2020 to August 2023.

73.     Deny Paragraph 73, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

74.     Deny Paragraph 74, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

75.     Deny Paragraph 75, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.

76.     Deny Paragraph 76, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

77.     Deny Paragraph 77, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

78.     Deny Paragraph 78, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

79.     Deny Paragraph 79, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

80.     Deny Paragraph 80.

81.     Deny Paragraph 81, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

82.     Deny Paragraph 82, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements, except

17

admit that Arnor Dror served as Kornit's Chief Operating Officer for Kornit North America beginning in 2020.

83.   Deny Paragraph 83.

84.   Deny Paragraph 84, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.  To the extent Paragraph 84, footnote 4 purports to quote Kornit's presentation at the William Blair Growth Stock Conference on or about June 1, 2021, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

85.   Deny Paragraph 85, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

86.   Deny Paragraph 86, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

87.   Deny Paragraph 87, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

88.   Deny Paragraph 88.

89.   Deny Paragraph 89, except admit that Loomis was hired by Kornit in January 2022 as Kornit's Global & National Accounts Director.

90.   Deny Paragraph 90, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

18

91.     Deny Paragraph 91.  To the extent Paragraph 91 references statements by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

92.     Deny Paragraph 92, except admit that (i) Kornit filed its Form 6-K for the 2020 fourth quarter on February 16, 2021, which reported approximately $10.9 million in service revenue; and (ii) Kornit held Earnings Calls on or about February 16, 2021 and May 29, 2021, and respectfully refer the Court to the document and transcripts for a complete and accurate statement of their contents, and deny any characterizations thereof.  To the extent that the allegations of Paragraph 92 purport to describe a particular document reflecting an analyst's statement, no response is required.  Defendants refer to that document, which speaks for itself, and deny any characterizations thereof.

93.     Deny Paragraph 93, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.

94.     Deny Paragraph 94, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.

95.     Deny Paragraph 95, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.

96.     Deny Paragraph 96.

97.    Deny Paragraph 97, except admit that Kornit held an Earnings Call on or about November 10, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

98.    Deny Paragraph 98.

99.    Deny Paragraph 99, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements, except admit that Sticker Mule purchased Kornit machines in 2021, as disclosed in Kornit's Earnings Call held on or about November 10, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

100.   Deny Paragraph 100.

101.   Deny Paragraph 101, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

102.   Deny Paragraph 102, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

103.   Deny Paragraph 103, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

104.   Deny Paragraph 104.  To the extent that the allegations of Paragraph 104 purport to describe a particular document, no response is required.  Defendants

refer to that document, which speaks for itself, and deny any characterizations thereof.

105. Deny Paragraph 105. To the extent that the allegations of Paragraph 105 purport to describe a particular document, no response is required. Defendants refer to that document, which speaks for itself, and deny any characterizations thereof.

106. Deny Paragraph 106, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements. To the extent that the allegations of Paragraph 106 purport to describe a particular document, no response is required. Defendants refer to that document, which speaks for itself, and deny any characterizations thereof.

107. Deny Paragraph 107, except admit that Kornit held an Earnings Call on or about November 10, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

108. Deny Paragraph 108.

109. Deny Paragraph 109, except admit that Kornit filed a Form 20-F on March 25, 2021, and respectfully refer the Court to the filing for a complete and accurate statement of its contents, and deny any characterizations thereof. To the extent Paragraph 109 references statements by Kornit, respectfully refer the Court

21

to the document in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

110. Deny Paragraph 110, and deny knowledge or information sufficient to form a belief as to the truth of the allegations specific to the unidentified customer's conduct.

111. Deny Paragraph 111, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

112. Deny Paragraph 112, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

113. Deny Paragraph 113, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

114. Deny Paragraph 114, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

115. Deny Paragraph 115.

116. Deny Paragraph 116.

117. Deny Paragraph 117, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

118. Deny Paragraph 118.

119. Deny Paragraph 119, and deny knowledge or information sufficient to form a belief as to the truth of the allegations specific to investors' alleged areas of focus.

120. Deny Paragraph 120, except admit that Kornit presented at the Barclays Americas Select Franchise Conference on or about May 19, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof. To the extent Paragraph 120 purports to reference Kornit's statements at the William Blair Growth Stock Conference on or about June 1, 2021, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

121. Deny Paragraph 121. To the extent that the allegations of Paragraph 121 purport to describe particular documents, no response is required. Defendants refer to those documents, which speak for themselves, and deny any characterizations thereof.

122. Deny Paragraph 122, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements, except admit that Delta Apparel was one of Kornit's ten largest direct customers during the alleged Class Period.

123. Deny Paragraph 123. To the extent that the allegations of Paragraph 123 purport to describe a particular document, no response is required. Defendants

23

refer to that document, which speaks for itself, and deny any characterizations thereof.

124.   Deny Paragraph 124, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Sticker Mule.

125.   Deny Paragraph 125,  and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.

126.   Deny Paragraph 126, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

127.   Deny Paragraph 127, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

128.   Deny Paragraph 128, and deny knowledge or information sufficient to form a belief as to the truth of the allegations specific to M&R and as to whether the unidentified FE made such alleged statements.

129.   Deny Paragraph 129, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.  To the extent Paragraph 129 purports to reference statements made by Kornit, respectfully refer the Court to the document in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

130.   Deny Paragraph 130, and deny knowledge or information sufficient to form a belief as to the truth of the allegations specific to Delta Apparel, and whether

the unidentified FE made such alleged statements, except admit that Kornit conducted a public offering in November 2021.

131. Deny Paragraph 131, except admit that Chuck Meyo served as Kornit's President of the Americas in 2020 and 2021, and that Don Whaley served as Kornit's Vice President of Sales in 2020 and 2021, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

132. Deny Paragraph 132, and deny knowledge or information sufficient to form a belief as to the truth of the allegations specific to Delta Apparel, and whether the unidentified FE made such alleged statements.

133. Deny Paragraph 133, except admit that Mr. Samuel served as Kornit's CEO in 2021, Chuck Meyo served as Kornit's President of the Americas in 2021, and that Don Whaley served as Kornit's Vice President of Sales in 2021, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

134. Deny Paragraph 134, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

135. Deny Paragraph 135, except admit that Kornit offered a KornitX product to its customers.

25

136.    Deny Paragraph 136, except admit that Kornit held a Virtual Fireside Chat on or about August 18, 2020, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

137.    Deny Paragraph 137.  To the extent Paragraph 137 purports to reference Kornit's presentation at the Citi Silicon Valley Virtual Tech Bus Tour on or about June 10, 2021, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

138.    Deny Paragraph 138, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.  To the extent Paragraph 138 purports to reference Kornit's Earnings Call held on or about November 9, 2022, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

139.    Deny Paragraph 139, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

140.    Deny Paragraph 140, except admit that Kornit acquired Custom Gateway in 2020, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

141.    Deny Paragraph 141, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

26

142.   Deny Paragraph 142, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

143.   Deny Paragraph 143, except admit that (i) Kornit filed a Form 20-F on March 30, 2021 indicating that Custom Gateway served 300 customers; (ii) Kornit filed a Form 20-F on March 30, 2023 indicating that KornitX served 166 customers and reporting Kornit's service revenue; (iii) Kornit filed a Form 20-F on March 30, 2022 defining "Services Revenue" as stemming from "revenues generated from sale of software subscriptions…[and] systems upgrades[;]"and (iv) Kornit filed a Form 20-F on March 30, 2023 reporting Kornit's service revenue, and respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.  To the extent Paragraph 143 purports to reference Kornit's Earnings Calls held on or about August 10, 2021 and November 10, 2021, respectfully refer the Court to the transcripts for a complete and accurate statement of their contents, and deny any characterizations thereof.

144.   Deny Paragraph 144, and deny knowledge or information sufficient to form a belief as to the truth of the allegations specific to investors' alleged areas of focus.

145.   Deny Paragraph 145, except admit that Kornit filed Form 6-K on February 16, 2021, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof, and

27

admit that Kornit held an Earnings Call on or about February 16, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

146. Deny Paragraph 146, except admit that Kornit held an Earnings Call on or about February 16, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

147. Deny Paragraph 147, except admit that Kornit issued earnings releases and held Earnings Calls and investor conferences, including an Earnings Call on or about August 10, 2021, and respectfully refer the Court to those transcripts for a complete and accurate statement of their contents, and deny any characterizations thereof.

148. Deny Paragraph 148. To the extent that the allegations of Paragraph 148 purport to describe particular documents, no response is required. Defendants refer to those documents, which speak for themselves, and deny any characterizations thereof.

149. Deny Paragraph 149. To the extent that the allegations of Paragraph 149 purport to describe particular documents, no response is required. Defendants refer to those documents, which speak for themselves, and deny any characterizations thereof.

150. Deny Paragraph 150.

151. Deny Paragraph 151, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

152. Deny Paragraph 152, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

153. Deny Paragraph 153.

154. Deny Paragraph 154, including footnote 5, and deny knowledge or information sufficient to form a belief as to the truth of the allegations specific to M&R, and whether the unidentified FE made such alleged statements.

155. Deny Paragraph 155. To the extent Paragraph 155 purports to reference Kornit's presentation at the 24th Annual Needham Growth Conference on or about January 10, 2022, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

156. Deny Paragraph 156, except admit that Kornit Konnect could be used by Kornit personnel to check certain customer usage metrics.

157. Deny Paragraph 157, except admit that Kornit Konnect could be used by Kornit personnel to check certain customer usage metrics.

158. Deny Paragraph 158, except admit that Kornit Konnect is an operational data analytics and business intelligence platform that enables businesses

to maximize productivity of their digital printing solutions, and that Kornit Konnect could be used by Kornit personnel to check certain customer usage metrics.

159.  Deny Paragraph 159.  To the extent Paragraph 159 purports to reference Kornit's presentation at the Needham Virtual Growth Conference on or about January 14, 2021, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

160.  Deny Paragraph 160.  To the extent Paragraph 160 purports to reference Kornit's presentation at the Needham Virtual Growth Conference on or about January 14, 2021, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

161.  Deny Paragraph 161, except admit that Chuck Meyo served as Kornit's President of the Americas from March 2020 to August 2023, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.  To the extent that Paragraph 161 purports to reference Kornit's presentation at the Needham Virtual Growth Conference on or about January 14, 2021, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

162.  Deny Paragraph 162, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

30

163.   Deny Paragraph 163.  To the extent Paragraph 163 purports to reference Kornit's Earnings Calls held on or about November 9, 2022 and May 10, 2023, respectfully refer the Court to the transcripts for a complete and accurate statement of their contents, and deny any characterizations thereof.

164.   Deny Paragraph 164.

165.   Deny Paragraph 165.

166.   Deny Paragraph 166, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

167.   Deny Paragraph 167, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

168.   Deny Paragraph 168, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements, except admit that Amazon was a Kornit customer during the alleged Class Period.

169.   Deny Paragraph 169, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

170.   Deny Paragraph 170, except admit that Kornit's 2021 6-Ks reporting quarterly earnings reported receivables were approximately $53 million, 62.7 million, 49.9 million and 49.8 million for each quarter respectively, and admit that the receivables listed in Kornit's May 11, 2022 Form 6-K were approximately $80 million for the first quarter of 2022, and respectfully refer the Court to the documents

for a complete and accurate statement of their contents, and deny any characterizations thereof. To the extent Paragraph 170 purports to reference Kornit's Earnings Call held on or about May 11, 2022, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

171. Deny Paragraph 171.

172. Deny Paragraph 172, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

173. Deny Paragraph 173, except admit that Chuck Meyo served as Kornit's President of the Americas from March 2020 to August 2023, and that Don Whaley served as Kornit's Vice President of Sales from October 2017 until December 2022, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

174. Deny Paragraph 174.

175. Deny Paragraph 175.

176. Deny Paragraph 176, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

177. Deny Paragraph 177, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

178. Deny Paragraph 178.

179.   Deny Paragraph 179, except admit that Chuck Meyo served as Kornit's President of the Americas in 2021 and 2022, and that Don Whaley served as Kornit's Vice President of Sales in 2021 and 2022, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

180.   Deny Paragraph 180.

181.   Deny Paragraph 181, except admit that Kornit's total 2021 revenue reported in Kornit's 2022 Form 20-F was approximately $322 million; that Kornit's total 2022 revenue reported in its 2023 Form 20-F was approximately $271.5 million; that the total 2023 revenue reported in Kornit's 2024 20-F was approximately $219.8 million; and that the revenue reported in Kornit's August 7, 2024, Form 6-K (Ex-99.2) filing for the first half of the year was approximately $92.4 million, and respectfully refer the Court to the filings for a complete and accurate statement of their contents, and deny any characterizations thereof.

182.   Deny Paragraph 182.[3]

183.   Deny Paragraph 183, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the revenue expectations of third

---

[3] To the extent the allegations included in Section V, "The Truth Emerges," of the Complaint are offered in support of claims and theories that have been dismissed pursuant to the MTD Order, no response is required.

parties, except admit that Kornit filed a Form 6-K on May 11, 2022, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

184.  Deny Paragraph 184.  To the extent that the allegations of Paragraph 184 purport to describe particular documents, no response is required.  Defendants refer to those documents, which speak for themselves, and deny any characterizations thereof.

185.  Deny Paragraph 185, except admit that Kornit held an Earnings Call on or about May 11, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

186.  Deny Paragraph 186, except admit that Kornit held an Earnings Call on or about May 11, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

187.  Deny Paragraph 187, except admit that Kornit stock closed at approximately $56.41 on May 10, 2022 and approximately $37.63 on May 11, 2022.

188.  Deny Paragraph 188, except admit that Kornit issued an Earnings Release on May 11, 2022. To the extent Paragraph 188 purports to reference Kornit's Earnings Call held on or about May 11, 2022, respectfully refer the Court to the

transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

189. Deny Paragraph 189, and deny knowledge or information sufficient to form a belief as to the truth of the allegations specific to Delta Apparel, and whether the unidentified FE made such alleged statements, except admit that Kornit issued an Earnings release on May 11, 2022 and held an Earnings Call on or about May 11, 2022, and respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

190. Deny Paragraph 190, except admit that Kornit held an Earnings Call on or about May 11, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

191. Deny Paragraph 191. To the extent that the allegations of Paragraph 191 purport to describe particular documents, no response is required. Defendants refer to those documents, which speak for themselves, and deny any characterizations thereof.

192. Deny Paragraph 192, except admit that Kornit presented at the William Blair Growth Stock Conference on or about June 7, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

35

193.   Deny Paragraph 193, except admit that Kornit presented at the Stifel Cross Sector Insight Conference on or about June 8, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

194.   Deny Paragraph 194, except admit that Kornit issued an Earnings release on July 5, 2022, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

195.   Deny Paragraph 195.  To the extent that the allegations of Paragraph 195 purport to describe particular documents, no response is required.  Defendants refer to those documents, which speak for themselves, and deny any characterizations thereof.

196.   Deny Paragraph 196.  To the extent that the allegations of Paragraph 196 purport to describe particular documents, no response is required.  Defendants refer to those documents, which speak for themselves, and deny any characterizations thereof.

197.   Deny Paragraph 197.

198.   Deny Paragraph 198, except admit that Kornit stock closed at approximately $31.56 on July 5, 2022 and approximately $23.46 on July 6, 2022.

199. Deny Paragraph 199, except admit that Kornit held an Earnings Call on or about August 10, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.[4]

200. Deny Paragraph 200, except admit that Kornit held an Earnings Call on or about August 10, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

201. Deny Paragraph 201, except admit that Kornit held an Earnings Call on or about November 9, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

202. Deny Paragraph 202, except admit that Kornit held an Earnings Call on May 10, 2023, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

203. Deny Paragraph 203, except admit that Kornit presented at the William Blair Growth Stock Conference on or about June 6, 2023, and respectfully refer the

---

[4] To the extent the allegations included in Section VI, "Post-Class Period Admissions by Defendants," of the Complaint are offered in support of claims and theories that have been dismissed pursuant to the MTD Order, no response is required.

Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

204.    To the extent Paragraph 204, including footnote 6, contains allegations relating to theories of liability that have been dismissed pursuant to the MTD Order, no response is required.  To the extent a response is required, deny Paragraph 204.

205.    Deny Paragraph 205, except admit that Kornit held an Earnings Call on or about February 16, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

206.    Deny Paragraph 206, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.

207.    The allegations in Paragraph 207 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 207, except admit that Kornit held an Earnings Call on or about February 16, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

208.    The allegations in Paragraph 208 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 208, except admit that Kornit filed a

Form 20-F on March 25, 2021, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

209. The allegations in Paragraph 209 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 209, except admit Kornit presented at the William Blair Growth Stock Conference on or about June 1, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

210. The allegations in Paragraph 210 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 210, except admit Kornit presented at the Citi Silicon Valley Tech Virtual Tech Bus Tour on or about June 10, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

211. The allegations in Paragraph 211 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 211, except admit Kornit presented at the CJS Securities New Ideas Summer Conference on or about July 13, 2021, and

respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

212. The allegations in Paragraph 212 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 212, except admit Kornit held an Earnings Call on or about August 10, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

213. The allegations in Paragraph 213 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 213, except admit Kornit held an Earnings Call on or about November 10, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

214. The allegations in Paragraph 214 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 214, except admit Kornit filed a Form 6-K and held an Earnings Call on or about May 11, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

215. The allegations in Paragraph 215 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 215, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

216. The allegations in Paragraph 216 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 216, except admit that Kornit held an Earnings Call on November 10, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

217. The allegations in Paragraph 217 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 217, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements, except admit that Kornit held an Earnings Call on November 10, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

218. Deny Paragraph 218, except admit that Kornit filed a Form 6-K on May 11, 2022 and held an Earnings Call on or about May 11, 2022, and respectfully refer

the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

219.  Deny Paragraph 219, except admit that Kornit held an Earnings Call on or about May 11, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

220.  Deny Paragraph 220, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements, except admit that Kornit reported trade receivables of approximately $50 million in its February 15, 2022 Form 6-K and reported trade receivables of approximately $80 million in its May 11, 2022 Form 6-K.

221.  The allegations in Paragraph 221 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 221, except admit that Kornit participated in the Barclays Americas Select Franchise Virtual Conference on May 19, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

222.  The allegations in Paragraph 222 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 222, except admit that Kornit

42

participated in the Barclays Americas Select Franchise Virtual Conference on or about May 19, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

223. The allegations in Paragraph 223 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 223, except admit that Kornit participated in the Barclays Americas Select Franchise Virtual Conference on or about May 19, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

224. The allegations in Paragraph 224 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 224, except admit that Kornit participated in the William Blair Growth Stock Conference on or about June 1, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

225. The allegations in Paragraph 225 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 225, except admit that Kornit participated in the William Blair Growth Stock Conference on or about June 1, 2021,

and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

226. The allegations in Paragraph 226 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 226, except admit that Kornit participated in the William Blair Growth Stock Conference on June 1, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

227. The allegations in Paragraph 227 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 227, except admit that Kornit participated in the Barclays Global Technology, Media, and Telecommunications Conference on or about December 7, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

228. The allegations in Paragraph 228 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 228, except admit that Kornit held an Earnings Call on or about February 15, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any

characterizations thereof.  To the extent Paragraph 228 purports to reference Kornit's Earnings Call held on or about May 11, 2022, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

229.  The allegations in Paragraph 229 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 229, except admit Kornit filed a Form 6-K on May 11, 2022 and that Kornit held an Earnings Call on or about May 11, 2022, and respectfully refer the Court to the documents for a complete and accurate statement of its contents, and deny any characterizations thereof.

230.  The allegations in Paragraph 230 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 230, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.

231.  The allegations in Paragraph 231 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 231, except admit Kornit filed a Form 6-K and issued a corresponding press release on November 10, 2021, and

respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

232. The allegations in Paragraph 232 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 232, except admit Kornit held an Earnings Call on or about November 10, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

233. The allegations in Paragraph 233 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 233, except admit that Kornit participated in the Needham Growth Conference on or about January 10, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

234. The allegations in Paragraph 234 relate in part to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, and to the extent Paragraph 234 relates to claims that have not been dismissed, deny Paragraph 234, except admit that Kornit filed a Form 6-K and issued a press release on or about February 15,

46

2022, and respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

235. The allegations in Paragraph 235 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 235, except admit that Kornit held an Earnings Call on or about February 15, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

236. The allegations in Paragraph 236 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 236, except admit that Kornit held an Earnings Call on or about February 15, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

237. Deny Paragraph 237, except admit that Kornit filed a Form 6-K and held an Earnings Call on or about May 11, 2022, and respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

238. The allegations in Paragraph 238 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the

extent a response is required, deny Paragraph 238, except admit that Kornit held an Earnings Call on or about May 11, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

239. The allegations in Paragraph 239 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 239, except admit that Kornit presented at the William Blair Growth Stock Conference on or about June 7, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

240. The allegations in Paragraph 240 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 240, except admit that Kornit presented at the Stifel Cross Sector Insight Conference on or about June 8, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

241. The allegations in Paragraph 241 relate in part to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, and to the extent Paragraph 241 relates to claims that have not been dismissed, deny Paragraph 241, and deny knowledge or information

48

sufficient to form a belief as to whether the unidentified FEs made such alleged statements. To the extent Paragraph 241 purports to reference Kornit's presentation at the William Blair Annual Growth Stock Conference on or about June 7, 2022, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

242. The allegations in Paragraph 242 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 242. To the extent Paragraph 242 purports to reference Kornit's Earnings Call on or about May 10, 2023, and Kornit's presentation at the William Blair Growth Stock Conference on or about June 6, 2023, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

243. The allegations in Paragraph 243 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 243, except admit that Kornit held an Earnings Call on or about February 16, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

244. The allegations in Paragraph 244 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the

49

extent a response is required, deny Paragraph 244, except admit that Kornit participated in the Barclays Americas Select Franchise Virtual Conference on or about May 19, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

245. The allegations in Paragraph 245 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 245, except admit Kornit presented at the Citi Silicon Valley Tech Virtual Tech Bus Tour on or about June 10, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

246. The allegations in Paragraph 246 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 246, except admit that Kornit presented at the Stifel Cross Sector Insight Conference on or about June 10, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

247. The allegations in Paragraph 247 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 247, except admit that Kornit filed a Form 6-K and issued a corresponding press release on August 10, 2021, and

respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

248. The allegations in Paragraph 248 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 248, except admit that Kornit participated in the Barclays Global Technology, Media, and Telecommunications Conference on or about December 7, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

249. The allegations in Paragraph 249 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 249, except admit that Kornit held an Earnings Call on or about February 15, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

250. The allegations in Paragraph 250 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 250, except admit that Kornit filed a Form 6-K and held an Earnings Call on or about May 11, 2022, and respectfully

refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

251. The allegations in Paragraph 251 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 251, except admit that Kornit held an Earnings Call on or about May 11, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

252. The allegations in Paragraph 252 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 252, except admit that Kornit participated in the William Blair Growth Stock Conference on or about June 7, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

253. The allegations in Paragraph 253 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 253, except admit that Kornit participated in the Stifel Cross Sector Insight Conference on or about June 8, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

254.   The allegations in Paragraph 254 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 254.

255.   The allegations in Paragraph 255 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 255, and deny knowledge or information sufficient to form a belief as to the truth of the allegations specific to Kornit's customers.

256.   The allegations in Paragraph 256 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 256, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

257.   The allegations in Paragraph 257 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 257, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.

258.   The allegations in Paragraph 258 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the

extent a response is required, deny Paragraph 258. To the extent Paragraph 258 references statements by Kornit, respectfully refer the Court to the document in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

259. The allegations in Paragraph 259 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 259, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

260. The allegations in Paragraph 260 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 260.

261. The allegations in Paragraph 261 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 261, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements. To the extent Paragraph 261 purports to reference Kornit's presentation at the William Blair Growth Stock Conference on or about June 7, 2022, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

262. The allegations in Paragraph 262 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 262. To the extent Paragraph 262 purports to reference Kornit's Earnings Call held on or about May 10, 2023, and Kornit's presentation at the William Blair Growth Stock Conference on or about June 6, 2023, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

263. The allegations in Paragraph 263 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 263.

264. The allegations in Paragraph 264 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 264, except admit that Kornit held an Earnings Call on or about February 16, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

265. The allegations in Paragraph 265 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 265, except admit that Kornit filed a Form 20-F on March 25, 2021, and respectfully refer the Court to the document for

a complete and accurate statement of its contents, and deny any characterizations thereof.

266. The allegations in Paragraph 266 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 266, except admit that Kornit held a Digital Investor Event on or about May 18, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

267. The allegations in Paragraph 267 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 267, except admit that Kornit presented at the William Blair Growth Stock Conference on or about June 1, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

268. The allegations in Paragraph 268 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 268, except admit that Kornit presented at the Citi Silicon Valley Tech Virtual Tech Bus Tour on or about June 10, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

269. The allegations in Paragraph 269 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 269, except admit that Kornit presented at the CJS Securities New Ideas Summer Conference on or about July 13, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

270. The allegations in Paragraph 270 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 270, except admit Kornit held an Earnings Call on or about August 10, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

271. The allegations in Paragraph 271 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 271, except admit Kornit held an Earnings Call on or about November 10, 2021, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

272. The allegations in Paragraph 272 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the

extent a response is required, deny Paragraph 272, except admit Kornit participated in the Needham Growth Conference on or about January 10, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

273. The allegations in Paragraph 273 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 273. To the extent Paragraph 273 purports to reference the CJS Securities New Ideas for the New Year Conference held on or about January 12, 2022, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

274. The allegations in Paragraph 274 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 274. To the extent Paragraph 274 purports to reference Kornit's Earnings Call held on or about May 11, 2022, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

275. The allegations in Paragraph 275 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 275, except admit that Kornit

presented at the Stifel Cross Sector Insight Conference on or about June 8, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

276. The allegations in Paragraph 276 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 276, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements. To the extent Paragraph 276 purports to reference Kornit's Earnings Call held on or about November 9, 2022, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

277. The allegations in Paragraph 277 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 277, except admit that Kornit filed a Form 20-F on March 25, 2021 and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

278. The allegations in Paragraph 278 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 278, except admit that Kornit filed a

Form 20-F on March 25, 2021, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

279. The allegations in Paragraph 279 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 279, except admit that Kornit filed Forms 20-F on March 25, 2021 and March 30, 2022, and respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

280. The allegations in Paragraph 280 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 280, except admit that Kornit filed a Form 20-F on March 30, 2022 and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

281. The allegations in Paragraph 281 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 281, except admit that Kornit filed a Form 20-F on March 25, 2021 and respectfully refer the Court to the document for

a complete and accurate statement of its contents, and deny any characterizations thereof.

282. The allegations in Paragraph 282 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 282, except admit that Kornit filed Forms 20-F on March 25, 2021 and March 30, 2022, and respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

283. The allegations in Paragraph 283 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 283, except admit that Kornit filed a Form 20-F on March 25, 2021 and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

284. Deny Paragraph 284.

285. Deny Paragraph 285.

286. Deny Paragraph 286.

287. Deny Paragraph 287. To the extent Paragraph 287 purports to reference Kornit's presentation at the Needham Virtual Growth Conference on or about

January 14, 2021, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

288. Deny Paragraph 288. To the extent Paragraph 288 purports to reference Kornit's presentation at the Needham Virtual Growth Conference on or about January 14, 2021, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

289. Deny Paragraph 289. To the extent Paragraph 289 purports to reference Kornit's presentation at the Needham Virtual Growth Conference on or about January 14, 2021, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

290. Deny Paragraph 290.

291. Deny Paragraph 291. To the extent that the allegations of Paragraph 291 purport to describe particular documents, no response is required. Defendants refer to those documents, which speak for themselves, and deny any characterizations thereof.

292. Deny Paragraph 292.

293. Deny Paragraph 293, except admit that Kornit held an Earnings Call on or about August 10, 2022 and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof. To the extent Paragraph 293 purports to reference Kornit's presentation at

62

the William Blair Growth Stock Conference on or about June 6, 2023, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

294.    Deny Paragraph 294.  To the extent Paragraph 294 purports to reference statements made by Kornit, respectfully refer the Court to the documents in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

295.    Deny Paragraph 295.  To the extent Paragraph 295 purports to reference Kornit's Earnings Call held on or about November 9, 2022, respectfully refer the Court to the transcript in which the statements are purportedly contained for completeness and accuracy, and deny any characterizations thereof.

296.    Deny Paragraph 296, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

297.    Deny Paragraph 297, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

298.    Deny Paragraph 298, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements, except admit that Kornit reported trade receivables of approximately $50 million in its February 15, 2022 Form 6-K, and reported trade receivables of approximately $80 million in its May 11, 2022 Form 6-K, and respectfully refer the Court to the

63

documents for a complete and accurate statement of their contents, and deny any characterizations thereof; and admit that Kornit held an Earnings Call on or about May 11, 2022, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

299. Deny Paragraph 299 except admit that Chuck Meyo served as Kornit's President of the Americas in 2021, and that Don Whaley served as Kornit's Vice President of Sales in 2021, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

300. Deny Paragraph 300, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

301. Deny Paragraph 301, except admit that Chuck Meyo served as Kornit's President of the Americas in 2021, and that Don Whaley served as Kornit's Vice President of Sales in 2021, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.

302. Deny Paragraph 302, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.

303. Deny Paragraph 303, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

304. Deny Paragraph 304, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

305.   Deny Paragraph 305, except admit that Jeffrey Loomis was hired by Kornit in January 2022 as a Global & National Accounts Director, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

306.   Deny Paragraph 306.

307.   Deny Paragraph 307, except admit that Mr. Samuel participated in the William Blair Growth Stock Conference on or about June 7, 2022 and the Stifel Cross Sector Insight Conference on or about June 8, 2022, and respectfully refer the Court to the transcripts for a complete and accurate statement of their contents, and deny any characterizations thereof.

308.   Deny Paragraph 308, including footnote 7, except admit that Mr. Samuel entered into a 10b5-1 trading plan, and respectfully refer the Court to Mr. Samuel's Form 144s for a complete and accurate statement of their contents, and deny any characterizations thereof; and admit that Kornit filed Form 20-Fs during the Class Period, and admit that Mr. Rozner did not sell Kornit stock during the class period, and respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

309.   Deny Paragraph 309, except admit that Kornit conducted a public offering in November 2021 during which it sold approximately $340 million net in shares at a net per-share price of approximately $145.72.

65

310.   Deny Paragraph 310.  To the extent Paragraph 310 purports to reference Kornit's Earnings Calls held on or about February 16, 2021, and May 11, 2022, and Kornit's presentations at the William Blair Growth Stock Conference on or about June 1, 2021 and the William Blair Growth Stock Conference on or about June 7, 2022, respectfully refer the Court to the transcripts for a complete and accurate statement of their contents, and deny any characterizations thereof.

311.   Deny Paragraph 311.

312.   Deny Paragraph 312.

313.   Deny Paragraph 313.

314.   Deny Paragraph 314, and deny knowledge or information sufficient to form a belief as to the truth of unspecified allegations concerning "securities analysts employed by major brokerage firm(s)," except admit that Kornit filed public reports with the SEC and NASDAQ, and that Kornit at times communicates with the public through press releases.

315.   Deny Paragraph 315.

316.   Deny Paragraph 316.

317.   Repeat and reincorporate each and every response to the allegations above, as if set forth fully herein, and deny Paragraph 317.

318.   Deny Paragraph 318, except admit that Plaintiffs seek to bring claims pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

319.   Deny Paragraph 319.

320.   Deny Paragraph 320.

321.   Deny Paragraph 321.

322.   Deny Paragraph 322.

323.   Deny Paragraph 323.

324.   Deny Paragraph 324.

325.   Deny Paragraph 325.

326.   Deny Paragraph 326.

327.   Deny Paragraph 327.

328.   Deny Paragraph 328.

329.   Repeat and reincorporate each and every response to the allegations above, as if set forth fully herein, and deny Paragraph 329.

330.   Deny Paragraph 330.

331.   Deny Paragraph 331.

332.   Deny Paragraph 332.

67

333. The allegations in Paragraph 333 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 333.

334. The allegations in Paragraph 334 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 334, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged purchase of Kornit ordinary shares.

335. The allegations in Paragraph 335 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 335, except admit that Plaintiffs seek to bring claims under Sections 11, 12(a)(2), and 15 of the Securities Act (15 U.S.C. §§ 77k, 77l, and 77o).

336. The allegations in Paragraph 336 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 336, except admit that Kornit's United States headquarters are located in Englewood, New Jersey.

337. The allegations in Paragraph 337 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these

68

allegations. To the extent that a response is required, deny Paragraph 337, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged purchase of Kornit ordinary shares, except admit that Kornit offered stock at a price of approximately $151.00 per share, and respectfully refer the Court to Kornit's press release issued on November 18, 2021, for a complete and accurate statement of its contents, and deny any characterizations thereof.

338. The allegations in Paragraph 338 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 338, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Underwriter Defendants.

339. The allegations in Paragraph 339 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 339, except admit that Citigroup Global Markets Inc. was an underwriter and underwriter representative in Kornit's 2021 public offering, and respectfully refer the Court to the Prospectus Supplement on Form 424B5 filed in November 2021, for a complete and accurate statement of its contents, and deny any characterizations thereof.

340. The allegations in Paragraph 340 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 340, except admit that Barclays Capital Inc. was an underwriter and underwriter representative in Kornit's November 2021 public offering, and respectfully refer the Court to the Prospectus Supplement on Form 424B5 filed in November 2021, for a complete and accurate statement of its contents, and deny any characterizations thereof.

341. The allegations in Paragraph 341 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 341, except admit that Goldman Sachs & Co. LLC. was an underwriter and underwriter representative in Kornit's November 2021 public offering, and respectfully refer the Court to the Prospectus Supplement on Form 424B5 filed in November 2021, for a complete and accurate statement of its contents, and deny any characterizations thereof.

342. The allegations in Paragraph 342 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 342, except admit that Morgan Stanley & Co. LLC. was an underwriter and underwriter representative in Kornit's November 2021 public offering, and respectfully refer the

Court to the Prospectus Supplement on Form 424B5 filed in November 2021, for a complete and accurate statement of its contents, and deny any characterizations thereof.

343.  Paragraph 343 purports to define a term and no response is required.

344.  The allegations in Paragraph 344 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations.  To the extent that a response is required, deny Paragraph 344, except admit that Kornit's United States headquarters are located in Englewood, New Jersey.

345.  The allegations in Paragraph 345 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations.  To the extent that a response is required, deny Paragraph 345, except admit that Kornit conducted an upsized underwritten public offering in November 2021 during which it (i) offered approximately 1,940,000 Kornit ordinary shares at approximately $151.00 per share and an affiliate of Amazon offered approximately 705,953 ordinary shares; (ii) Kornit granted the underwriters a 30-day option to purchase up to an additional approximately 396,892 ordinary shares at the public offering price; (iii) Kornit filed a registration statement on September 14, 2020; and (iv) Kornit filed a Prospectus Supplement on Form 424B5 in November 2021, and

71

respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

346. The allegations in Paragraph 346 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 346.

347. The allegations in Paragraph 347 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 347, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements. Footnote 8 purports to define a term and no response is required.

348. The allegations in Paragraph 348 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 348, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements, except admit that Chuck Meyo served as Kornit's President of the Americas from March 2020 to August 2023, and that Don Whaley served as Kornit's Vice President of Sales from October 2017 until December 2022.

349. The allegations in Paragraph 349 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these

72

allegations. To the extent that a response is required, deny Paragraph 349, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

350. The allegations in Paragraph 350 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 350, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

351. The allegations in Paragraph 351 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 351, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

352. The allegations in Paragraph 352 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 352, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

353. The allegations in Paragraph 353 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these

allegations. To the extent that a response is required, deny Paragraph 353, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

354. The allegations in Paragraph 354 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 354, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

355. The allegations in Paragraph 355 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 355, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

356. The allegations in Paragraph 356 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 356, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

357. The allegations in Paragraph 357 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these

allegations.  To the extent that a response is required, deny Paragraph 357, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

358.  The allegations in Paragraph 358 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations.  To the extent that a response is required, deny Paragraph 358, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

359.  The allegations in Paragraph 359 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations.  To the extent that a response is required, deny Paragraph 359, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

360.  The allegations in Paragraph 360 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations.  To the extent that a response is required, deny Paragraph 360, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

361.  The allegations in Paragraph 361 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these

allegations. To the extent that a response is required, deny Paragraph 361, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

362. The allegations in Paragraph 362 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 362, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements, except admit that Udi Har-Nof served as Kornit's Vice President of Customer Success for Kornit North America during the alleged Class Period.

363. The allegations in Paragraph 363 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 363, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements or as to the customer service experience of M&R customers.

364. The allegations in Paragraph 364 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 364, and deny

knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

365. The allegations in Paragraph 365 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 365, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements or statements made by Meyo, Har-Nof or Loomis.

366. The allegations in Paragraph 366 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 366, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

367. The allegations in Paragraph 367 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 367, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

368. The allegations in Paragraph 368 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 368, and deny

77

knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

369. The allegations in Paragraph 369 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 369, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

370. The allegations in Paragraph 370 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 370, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

371. The allegations in Paragraph 371 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 371, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements.

372. The allegations in Paragraph 372 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 372, and deny

knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

373. The allegations in Paragraph 373 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 373, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

374. The allegations in Paragraph 374 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 374, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

375. The allegations in Paragraph 375 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 375, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

376. The allegations in Paragraph 376 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 376.

377.  The allegations in Paragraph 377 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations.  To the extent that a response is required, deny Paragraph 377, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

378.  The allegations in Paragraph 378 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations.  To the extent that a response is required, deny Paragraph 378.

379.  The allegations in Paragraph 379 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations.  To the extent that a response is required, deny Paragraph 379, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.  To the extent Paragraph 379, footnote 9 purports to quote Kornit's presentation at the William Blair Growth Stock Conference on or about June 1, 2021, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

380.  The allegations in Paragraph 380 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations.  To the extent that a response is required, deny Paragraph 380, and deny

80

knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

381. The allegations in Paragraph 381 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 381, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

382. The allegations in Paragraph 382 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 382, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

383. The allegations in Paragraph 383 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 383.

384. The allegations in Paragraph 384 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 384, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

385. The allegations in Paragraph 385 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 385.

386. The allegations in Paragraph 386 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 386.

387. The allegations in Paragraph 387 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 387.

388. The allegations in Paragraph 388 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 388, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

389. The allegations in Paragraph 389 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 389, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

390. The allegations in Paragraph 390 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 390, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

391. The allegations in Paragraph 391 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 391, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

392. The allegations in Paragraph 392 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 392.

393. The allegations in Paragraph 393 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 393.

394. The allegations in Paragraph 394 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 394, and deny

knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

395. The allegations in Paragraph 395 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 395.

396. The allegations in Paragraph 396 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 396, except admit that Kornit offered a KornitX product to its customers.

397. The allegations in Paragraph 397 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 397, and deny knowledge or information sufficient to form a belief as to whether the unidentified FEs made such alleged statements. To the extent Paragraph 397 purports to reference Kornit's Earnings Call held on or about November 9, 2022, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

398. The allegations in Paragraph 398 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 398, and deny

knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

399. The allegations in Paragraph 399 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 399, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

400. The allegations in Paragraph 400 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 400, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

401. The allegations in Paragraph 401 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 401, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements.

402. The allegations in Paragraph 402 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 402, except

admit that (i) Kornit filed a Form 20-F on March 30, 2021 indicating that Custom Gateway served 300 customers; (ii) Kornit filed a Form 20-F on    March 30, 2023 indicating that KornitX served 166 customers, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof; (iii) Kornit filed a Form 20-F on March 30, 2022 defining "Services Revenue" as stemming from "revenues generated from sale of software subscriptions…[and] systems upgrades[,]"; and (iv) Kornit filed a Form 20-F on March 30, 2023 reporting Kornit's service revenue, and respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.  To the extent Paragraph 402 purports to reference statements made by Kornit during its Earnings Calls held on or about August 10, 2021 and November 10, 2021, respectfully refer the Court to the transcripts for a complete and accurate statement of their contents, and deny any characterizations thereof.

403.  The allegations in Paragraph 403 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 403, except admit that Kornit filed a Form 20-F on March 25, 2021, and that the Prospectus Supplement on Form 424B5 of the November 2021 offering incorporated the 2021 Form 20-F by reference, and

86

respectfully refer the Court to the documents for a complete and accurate statement of their contents, and deny any characterizations thereof.

404.    The allegations in Paragraph 404 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 404, except admit that Kornit filed a Form 20-F on March 25, 2021, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

405.    The allegations in Paragraph 405 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 405, except admit that Kornit filed a Form 20-F on March 25, 2021, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

406.    The allegations in Paragraph 406 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required.  To the extent a response is required, deny Paragraph 406, except admit that Kornit filed a Form 20-F on March 25, 2021, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

87

407. The allegations in Paragraph 407 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 407, except admit that Kornit filed a Form 20-F on March 25, 2021, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

408. The allegations in Paragraph 408 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 408, except admit that Kornit filed a Form 20-F on March 25, 2021, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

409. The allegations in Paragraph 409 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 409, except admit that Kornit filed a Form 20-F on March 25, 2021, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

410. The allegations in Paragraph 410 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the

extent a response is required, deny Paragraph 410, and deny knowledge or information sufficient to form a belief as to whether the unidentified FE made such alleged statements, except admit that Kornit filed a Form 20-F on March 25, 2021, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

411. The allegations in Paragraph 411 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 411, except admit that Kornit filed a Form 20-F on March 25, 2021, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

412. The allegations in Paragraph 412 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 412, except admit that Kornit filed a Form 20-F on March 25, 2021, and respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny any characterizations thereof.

413. The allegations in Paragraph 413 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required. To the extent a response is required, deny Paragraph 413, and deny knowledge or

information sufficient to form a belief as to whether the unidentified FEs made such alleged statements. To the extent Paragraph 413 purports to reference Kornit's Earnings Call held on or about November 9, 2022, respectfully refer the Court to the transcript for a complete and accurate statement of its contents, and deny any characterizations thereof.

414. The allegations in Paragraph 414 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 414, and repeat and reincorporate each and every response to the allegations above, as if set forth fully herein.

415. The allegations in Paragraph 415 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 415, except admit that Plaintiffs seek to bring a claim under Section 11 of the Securities Act, 15 U.S.C. § 77k on behalf of a class.

416. The allegations in Paragraph 416 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, admit Paragraph 416.

417. The allegations in Paragraph 417 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 417.

418. The allegations in Paragraph 418 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 418.

419. The allegations in Paragraph 419 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 419, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged purchase of Kornit ordinary shares.

420. The allegations in Paragraph 420 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 420.

421. The allegations in Paragraph 421 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 421.

422. The allegations in Paragraph 422 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 422.

423. The allegations in Paragraph 423 relate to claims that have been dismissed pursuant to the MTD Order and pertain to the Underwriter Defendants, therefore no response is required to these allegations. To the extent that a response is required, repeat and reincorporate each and every response to the allegations above, as if set forth fully herein, and deny Paragraph 423.

424. The allegations in Paragraph 424 relate to claims that have been dismissed pursuant to the MTD Order and pertain to the Underwriter Defendants, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 424, except admit that Plaintiffs sought to bring a claim against the Underwriter Defendants under Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l(a)(2) on behalf of a class.

425. The allegations in Paragraph 425 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations. To the extent that a response is required, deny Paragraph 425, except admit that Kornit's officers and directors signed the March 25, 2021 Registration Statement.

426. The allegations in Paragraph 426 relate to claims that have been dismissed pursuant to the MTD Order and pertain to the Underwriter Defendants, therefore no response is required to these allegations. To the extent a response is

92

required, deny Paragraph 426, and deny knowledge or information sufficient to form a belief as to the truth of the Underwriter Defendants' actions.

427.   The allegations in Paragraph 427 relate to claims that have been dismissed pursuant to the MTD Order and pertain to the Underwriter Defendants, therefore no response is required to these allegations.  To the extent a response is required, deny Paragraph 427.

428.   The allegations in Paragraph 428 relate to claims that have been dismissed pursuant to the MTD Order and pertain to the Underwriter Defendants, therefore no response is required to these allegations.  To the extent a response is required, deny Paragraph 428.

429.   The allegations in Paragraph 429 relate to claims that have been dismissed pursuant to the MTD Order and pertain to the Underwriter Defendants, therefore no response is required to these allegations.  To the extent a response is required, deny Paragraph 429.

430.   The allegations in Paragraph 430 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations.  To the extent a response is required, repeat and reincorporate each and every response to the allegations above, as if set forth fully herein, and deny Paragraph 430.

431.   The allegations in Paragraph 431 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations.  To the extent a response is required, deny Paragraph 431, except admit Plaintiffs seek to bring a claim under Section 15 of the Securities Act, 15 U.S.C. § 77o on behalf of a class.

432.   The allegations in Paragraph 432 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations.  To the extent a response is required, deny Paragraph 432.

433.   The allegations in Paragraph 433 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations.  To the extent a response is required, deny Paragraph 433.

434.   The allegations in Paragraph 434 relate to claims that have been dismissed pursuant to the MTD Order, therefore no response is required to these allegations.  To the extent a response is required, deny Paragraph 434.

435.   Paragraph 435 purports to state legal conclusions, to which no response is required.  To the extent a response is required, deny Paragraph 435, except admit that Plaintiffs seek to bring this Action as a class action.

436.   Deny Paragraph 436, and deny knowledge or information sufficient to form a belief as to the number of members of the putative class, except admit that

94

Kornit's stock is traded on the NASDAQ and admit that Kornit had over 49 million ordinary shares outstanding as of November 14, 2022.

437. Deny Paragraph 437.

438. Deny Paragraph 438.

439. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 439.

440. Deny Paragraph 440.

**PRAYER FOR RELIEF**

The Prayer for Relief does not constitute an allegation. To the extent a response is required, deny that Plaintiffs are entitled to any relief and that the alleged class should be certified.

**DEMAND FOR TRIAL BY JURY**

Defendants admit that Plaintiffs purport to demand a jury trial. To the extent Plaintiffs purport to state a conclusion of law, no response is required.

**APPENDIX**

The Appendix does not constitute an allegation. To the extent a response is required, deny, and deny knowledge or information sufficient to form a belief as to the identities of unidentified FEs.

95

## DEFENSES

Without admitting any wrongful conduct, Defendants assert the following defenses to the Complaint. By designating these defenses, Kornit does not intend to suggest either that Plaintiffs do not bear the burden of proof as to such matters or that such matters are not elements of Plaintiffs' prima facie case against Kornit.

### FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. Plaintiffs fail to plead specific misstatements or omissions or why any misstatement or omission is misleading, or particular facts sufficient to support the allegations asserted on information and belief. 15 U.S.C. § 78u-4(b)(l).

### THIRD DEFENSE

3. Plaintiffs' claims are barred by the applicable statutes of repose and/or statutes of limitation.

### FOURTH DEFENSE

4. Plaintiffs fail to plead fraud or scienter with the particularity required by Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act of 1995. 15 U.S.C. § 78u-4(b)(2).

### FIFTH DEFENSE

5. Plaintiffs' claims fail, in whole or in part, because the Kornit Defendants lacked the required fraudulent intent or scienter necessary to establish violations of the securities laws.

### SIXTH DEFENSE

6. Plaintiffs' claims fail, in whole or in part, because the Kornit Defendants did not make any actionable misstatement or omission of material fact.

### SEVENTH DEFENSE

96

7. Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of, *inter alia*, the total mix of available information.

## EIGHTH DEFENSE

8. Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements contain expressions of opinion that Plaintiff has not alleged, and cannot prove, were not truly held.

## NINTH DEFENSE

9. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any cognizable damages.

## TENTH DEFENSE

10. Plaintiffs' claims are barred, in whole or in part, because no act or omission by any of the Kornit Defendants was the cause in fact or proximate cause of any damage alleged by Plaintiffs.

## ELEVENTH DEFENSE

11. Plaintiffs' claims are barred, in whole or in part, because the Kornit Defendants made full and accurate disclosures of all information required to be disclosed by law and did not omit to disclose any statement of fact necessary in order to make the statements made by the Kornit Defendants not misleading.

## TWELFTH DEFENSE

12. Plaintiffs' claims are barred, in whole or in part, because the Kornit Defendants had no duty to disclose, or to cause the disclosure of, the allegedly omitted material information.

## THIRTEENTH DEFENSE

13.Plaintiffs' claims are barred, in whole or in part, because some or all of the matters now claimed by Plaintiffs to have been omitted from Kornit's public disclosures (which the Kornit Defendants deny) were known to and entered the securities market through credible sources.

## FOURTEENTH DEFENSE

14.Plaintiffs' claims are barred, in whole or in part, because certain of the alleged misstatements are non-actionable statements of puffery.

## FIFTEENTH DEFENSE

15.Plaintiffs' claims fail to the extent that they are based on forward-looking statements that were either accompanied by meaningful cautionary language and therefore protected under the "bespeaks caution" doctrine or made without actual knowledge that those statements were false or misleading. 15 U.S.C. § 78u-5(c).

## SIXTEENTH DEFENSE

16.Plaintiffs' claims are barred, in whole or in part, under the "bespeaks caution" doctrine.

## SEVENTEENTH DEFENSE

17.Plaintiffs are not entitled to a presumption of reliance and did not reasonably rely on any allegedly misleading statement of material fact when purchasing Kornit's securities.

## EIGHTEENTH DEFENSE

18.Plaintiffs' claims are barred, in whole or in part, because the Kornit Defendants are not liable to Plaintiffs for any claims based on alleged misrepresentations or omissions for which Plaintiff and/or its agents, financial representatives, and/or broker dealers had, in whole or in part, actual or constructive knowledge.

98

## NINETEENTH DEFENSE

19. Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements or omissions did not affect the market price of Kornit's common stock.

## TWENTIETH DEFENSE

20. Plaintiffs are not entitled to any recovery from the Kornit Defendants in excess of the amounts allowed under applicable law.

## TWENTY-FIRST DEFENSE

21. Plaintiffs' claims are barred, in whole or in part, insofar as they are based on alleged conduct that concluded before, or began after, Plaintiffs' purchases of Kornit's common stock.

## TWENTY-SECOND DEFENSE

22. The putative class period is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

## TWENTY-THIRD DEFENSE

23. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and members of the alleged class, including those who did not purchase Kornit common stock, lack standing to assert federal securities fraud claims against the Kornit Defendants.

## TWENTY-FOURTH DEFENSE

24. Plaintiffs cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this Action as a class action.

## TWENTY-FIFTH DEFENSE

25. Plaintiffs' claims are barred, in whole or in part, because the Kornit Defendants did not employ any device, scheme, or artifice to defraud.

99

## TWENTY-SIXTH DEFENSE

26. Plaintiffs' claims under Section 20(a) of the Exchange Act are barred because the Kornit Defendants at all times acted in good faith, and did not directly or indirectly induce the alleged acts underlying Plaintiffs' fraud claims.

## TWENTY-SEVENTH DEFENSE

27. Plaintiffs' claims are barred, in whole or in part, because the Kornit Defendants did not engage in any act, practice, or course of business that operated or would operate as a fraud or deceit.

## TWENTY-EIGHTH DEFENSE

28. Plaintiffs' requests for attorneys' fees; costs and disbursements; expenses, including experts' fees; and interest are inappropriate on the facts of this Action.

The Kornit Defendants have not knowingly and intentionally waived any applicable additional defenses, and reserve the right to raise any additional defenses not asserted herein of which they become aware at any subsequent stage of this action, including, but not limited to, the right to assert as a defense their reliance on the advice of counsel. The Kornit Defendants further reserve the right to amend their Answer and Defenses accordingly and to delete defenses that they determine are not applicable during the course of discovery.

## PRAYER

WHEREFORE, the Kornit Defendants respectfully request that the Court:

A. Deny class certification and strike all class allegations from the Complaint;

B. Render judgment that Plaintiffs take nothing by this suit;

C. Dismiss the Complaint with prejudice;

D. Award the Kornit Defendants their costs of court and other fees; and

E. Grant any other just and proper relief to which the Kornit Defendants may be entitled.

100

Dated:  December 4, 2025

Respectfully submitted,

**GIBBONS P.C.**

*s/ Samuel I. Portnoy*
Samuel I. Portnoy, Esq.
Michael V. Caracappa, Esq.
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
sportnoy@gibbonslaw.com
mcaracappa@gibbonslaw.com

**DAVIS POLK & WARDWELL LLP**

Edmund Polubinski III (*pro hac vice*)
Dana Seshens (*pro hac vice*)
Daniel J. Schwartz (*pro hac vice*)
Marie Killmond (*pro hac vice*)
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
edmund.polubinski@davispolk.com
dana.seshens@davispolk.com
daniel.schwartz@davispolk.com
marie.killmond@davispolk.com

*Counsel for Kornit Digital Ltd., Ronen Samuel, and Alon Rozner*

101

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the ANSWER OF DEFENDANTS KORNIT DIGITAL LTD., RONEN SAMUEL, AND ALON ROZNER was caused to be served on all counsel of record by ECF on December 4, 2025.

s/*Samuel I. Portnoy*
Samuel I Portnoy