# Exhibit 1

EXECUTION COPY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE KORNIT DIGITAL LTD. SECURITIES LITIGATION | Master File No. 2:23-cv-00888-MCA-AME<br><br>CLASS ACTION |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement, dated as of July 2, 2026 (the "Stipulation") is entered into between (a) Lead Plaintiffs Genesee County Employees' Retirement System, Kranot Hishtalmut Le Morim Tichoniim Havera Menahelet LTD, Kranot Hishtalmut Le Morim Ve Gananot Havera Menahelet LTD, and Hachshara Insurance Company Ltd. ("Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Kornit Digital Ltd. ("Kornit" or the "Company"), Ronen Samuel, and Alon Rozner (the "Individual Defendants" and together with Kornit, the "Defendants" and, together with Plaintiffs, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims as against Defendants and the other Released Defendants' Parties.[1]

WHEREAS:

A. On February 15, 2023, an initial class action complaint was filed in the United States District Court for the District of New Jersey (the "Court"), styled *Genesee County*

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

*Employees' Retirement System v. Kornit Digital Ltd.*, No. 2:23-cv-888-MCA-AME (D.N.J.), alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5. Dkt. No. 1.

B. On August 30, 2023, the Court appointed Lead Plaintiffs as Lead Plaintiffs, approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class, and captioned the action *In re Kornit Digital Ltd. Securities Litigation*. Dkt. No. 18.

C. On October 27, 2023, Lead Plaintiffs filed the Consolidated Class Action Complaint. Dkt. No. 23. Among other things, the Consolidated Class Action Complaint alleged false and misleading statements related to Kornit's business and operations. The Consolidated Class Action Complaint asserted claims under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against all Defendants; claims under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against the Individual Defendants; and claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l, and 77o, against the Company, the Former Underwriter Defendants, and the Individual Defendants.

D. On December 21, 2023, Defendants filed a motion to dismiss the Consolidated Class Action Complaint. Dkt. No. 34. On August 15, 2024, the Court entered an Order granting without prejudice the motion to dismiss. Dkt. Nos. 54, 56.

E. On November 8, 2024, Lead Plaintiffs filed the Amended Consolidated Class Action Complaint (the "Complaint"). Dkt. No. 61. Among other things, the Complaint alleged false and misleading statements related to Kornit's business and operations. The Complaint asserted claims under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-

5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against all Defendants; claims under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against the Individual Defendants; and claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l, and 77o, against the Company, the Former Underwriter Defendants, and the Individual Defendants.

F. On January 24, 2025, Defendants filed a motion to dismiss the Complaint. Dkt. Nos. 64, 65. On September 4, 2025, the Court entered an Order granting in part and denying in part the motion to dismiss. Dkt. Nos. 74, 76.

G. On December 4, 2025, Defendants filed an Answer to the Complaint. Dkt. No. 83. On December 4, 2025, Defendants also filed a motion for judgment on the pleadings, which remains fully briefed and pending. Dkt. No. 84.

H. On December 2, 2025, the Parties filed a Rule 26(f) Report. Dkt. 81. On December 30, 2025, the Court entered a Pretrial Scheduling Order, and the Parties commenced discovery. Dkt. No. 88.

I. On March 6, 2026, the Parties filed a Letter to the Court, regarding a stay of discovery, and informing the Court of the Parties' agreement to conduct a private mediation before Jed D. Melnick of JAMS (the "Mediator"). Dkt. No. 94. On March 11, 2026, the Court granted the Parties' request to stay discovery pending the outcome of their private mediation. Dkt. No. 95.

J. The Parties engaged in pre-mediation document discovery.

K. After exchanging mediation briefs, the Parties participated in an in-person mediation on April 7, 2026. The case did not settle at that session.

L. On April 14, 2026, the Parties filed a letter to the Court, regarding a continued stay of discovery pending the outcome of ongoing settlement negotiations. Dkt. No. 96. On April 20, 2026, the Court granted the Parties' request. Dkt. No. 97.

M. Following the mediation session, the Mediator made a recommendation that the Action be settled for $19.5 million, which the Parties accepted on April 28, 2026. The terms of the Parties' agreement to settle were memorialized in a Confidential Term Sheet executed on May 11, 2026 (the "Term Sheet"). The Term Sheet set forth, among other things, the Parties' agreement to settle and release the Released Plaintiffs' Claims against Defendants and the other Released Defendants' Parties (defined below) in return for a cash payment of $19,500,000 by or on behalf of Defendants for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

N. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

O. Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

P. This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any

wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Released Defendants' Parties and all Released Defendants' Claims as against the Released Plaintiffs' Parties shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a) "Action" means the securities class action in the matter styled *In re Kornit Digital Ltd. Securities Litigation*, Case No. 2:23-cv-888-MCA-AME, in the United States District Court for the District of New Jersey.

(b) "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c) "Authorized Claimant" means a Settlement Class Member who or which submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d) "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e) "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 3 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f) "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g) "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h) "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i) "Complaint" means the Amended Consolidated Class Complaint for Violation of the Federal Securities Laws dated November 8, 2024.

(j) "Court" means the United States District Court for the District of New Jersey.

(k) "Defendants" means Kornit and the Individual Defendants.

(l) "Defendants' Counsel" means Davis Polk & Wardwell LLP and FBT Gibbons LLP.

(m) "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

(n) "Escrow Account" means an account maintained at Citibank, N.A., wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(o) "Escrow Agent" means Citibank, N.A.

(p) "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(q) "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) the expiration of the time to file any motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (iii) if a motion to alter or amend is filed or if an appeal is filed, immediately after the determination of that motion or appeal so that the judgment is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of appeal, or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of the Stipulation. An "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with the approval or disapproval of this Settlement, but shall

not include any appeal that concerns only the issue of Plaintiffs' Counsel's attorneys' fees and expenses, awards to Plaintiffs, the Plan of Allocation of the Settlement Amount, or the procedures for determining Recognized Claims by Authorized Claimants.

(r) "Former Amazon Defendants" are Amazon.com NV Investment Holdings LLC and Amazon.com, Inc.

(s) "Former Underwriter Defendants" are Citigroup Global Markets Inc., Barclays Capital Inc., Goldman Sachs & Co. LLC, and Morgan Stanley & Co. LLC.

(t) "Immediate Family Members" means as defined in 17 C.F.R. § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

(u) "Individual Defendants" means Ronen Samuel and Alon Rozner.

(v) "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(w) "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(x) "Lead Plaintiffs" or "Plaintiffs" means the Genesee County Employees' Retirement System, Kranot Hishtalmut Le Morim Tichoniim Havera Menahelet LTD, Kranot Hishtalmut Le Morim Ve Gananot Havera Menahelet LTD, and Hachshara Insurance Company Ltd.

(y) "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses

of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(z) "Kornit" or the "Company" means Kornit Digital Ltd.

(aa) "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(bb) "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which is to be posted on the Settlement Website and mailed and/or emailed to Settlement Class Members upon request.

(cc) "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(dd) "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(ee) "Plaintiffs' Counsel" means Lead Counsel; Carella, Byrne, Cecchi, Brody & Agnello, P.C.; and VMT Law P.C.

(ff) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(gg) "Postcard Notice" means the postcard notice, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed and/or emailed to Settlement Class Members.

(hh) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(ii) "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(jj) "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(kk) "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action. This release does not cover, include, or release any claims relating to the enforcement of the Settlement.

(ll) "Released Defendants' Parties" means (i) each Defendant; (ii) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (iii) the Immediate Family Members of the Individual Defendants; (iv) direct or indirect parent entities, direct and indirect subsidiaries, related entities, and all affiliates of the Company; (v) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her Immediate Family Members; (vi) any entity in which a Defendant has a controlling interest; (vii) the Former Underwriter Defendants; (viii) the Former Amazon Defendants; and (ix) for any of the persons or entities listed in parts (i) through (viii), as applicable,

their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; all in their capacities as such.

(mm) "Released Persons" means each and any of the Released Defendants' Parties and each and any of the Released Plaintiffs' Parties.

(nn) "Released Plaintiffs' Claims" means all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common, foreign or other applicable law, rule, or regulation that Plaintiffs, former plaintiff Indiana State Police Pension Trust, any other member of the Settlement Class, or any other Releasing Plaintiffs' Party: (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Complaint, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase or acquisition of Kornit ordinary shares by any members of the Settlement Class during the Settlement Class Period. This release shall not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(oo) "Released Plaintiffs' Parties" means (i) Plaintiffs, and former plaintiff Indiana State Police Pension Trust, all Settlement Class members, any other plaintiffs in the Action

and their counsel, Lead Counsel and Plaintiffs' Counsel, and Cohen Milstein Sellers & Toll PLLC (counsel for former plaintiff Indiana State Police Pension Trust), and (ii) each of their respective Immediate Family Members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, investigators, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such. Nothing in this paragraph shall affect any claims, demands, rights, or causes of action and liabilities: (a) between or among Defendants; or (b) between Defendants and their insurers.

(pp) "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(qq) "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(rr) "Settlement Amount" means $19,500,000 (nineteen million five hundred thousand U.S. dollars) in cash.

(ss) "Settlement Class" means all persons and entities who purchased or otherwise acquired ordinary shares of Kornit (i) during the Settlement Class Period; and/or (ii) pursuant and/or traceable to Kornit's secondary offering of ordinary shares in November 2021. Excluded from the Settlement Class are (a) Defendants; (b) Immediate Family Members of the Individual Defendants; (c) the Former Underwriter Defendants; (d) the subsidiaries and affiliates of Kornit and the Former Underwriter Defendants; (e) any person who is an officer, director or controlling person of Kornit; (f) any entity in which any Defendant or Former Underwriter Defendant has a controlling interest; (g) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (h) the Former Amazon Defendants; and (i) the

legal representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Settlement Class are any persons who timely and properly request to be excluded. Notwithstanding the foregoing, any investment company or business entity, or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which the Former Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor, but in which any Former Underwriter Defendant alone or together with its respective affiliates, is not a majority owner or does not hold a majority beneficial interest, shall not be excluded from the Settlement Class.

(tt) “Settlement Class Member” means each person or entity who or which is a member of the Settlement Class.

(uu) “Settlement Class Period” or “Class Period” means the period from February 17, 2021 through July 5, 2022, inclusive.

(vv) “Settlement Fund” means the Settlement Amount plus any and all interest earned thereon.

(ww) “Settlement Hearing” means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(xx) “Settlement Website” means the website to be created for the Settlement, on which the Notice and Claim Form, as well as other information related to the Settlement, will be posted.

(yy) “Summary Notice” means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys’ Fees and

Litigation Expenses, substantially in the form attached hereto as Exhibit 4 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(zz) "Taxes" means: (i) all U.S. federal, state, and/or local taxes of any kind (including any interest or penalties thereon) imposed on any income earned by the Settlement Fund, including any estimated taxes and any taxes or tax detriments that may be imposed upon Released Defendants' Parties and Defendants' Counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) the expenses and costs incurred by Lead Counsel in connection with the operation and implementation of ¶¶ 11-12, including determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants, mailing and distribution costs, and expenses relating to preparing and filing (or failure to file) the returns described in ¶¶ 11-12).

(aaa) "Unknown Claims" means any and all Released Plaintiffs' Claims against the Released Defendants' Parties that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims against the Released Plaintiffs' Parties that any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, including without limitation those that, if known by such Plaintiff, Settlement Class Member or Defendant, might have affected his, her, or its decision(s) with respect to this Settlement or the Releases. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights,

and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2. Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3. No later than ten (10) business days after execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

**RELEASE OF CLAIMS**

4. The obligations incurred pursuant to this Stipulation are in consideration of: (a) on the part of Defendants, the full and final disposition of the Action as against Defendants; (b) on the part of Plaintiffs, the payment of the Settlement Amount; and (c) on the part of all Parties, the Releases provided for herein, all of which, together with the other representations, rights, obligations, and covenants herein, are acknowledged by the Parties on their own behalf and by Lead Plaintiffs on behalf of the Settlement Class to be good and valuable consideration.

5. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

6. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Released Plaintiffs' Parties, and shall forever be barred and enjoined from

prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties.

7. Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

**THE SETTLEMENT CONSIDERATION**

8. In consideration of the settlement, dismissal and/or release of the Released Plaintiffs' Claims against Defendants and the other Released Defendants' Parties, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account within thirty (30) calendar days of the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including payment instructions that include the bank name and ABA routing number, account name and number, mailing address, a signed Form W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited, and contact information for someone who can orally verify the wiring instructions.

**USE OF SETTLEMENT FUND**

9. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

10. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.

11. The Parties agree that the Settlement Fund is intended to be a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 and § 468B of the Internal Revenue Code of 1986, as amended, at all times for the taxable years of the Settlement Fund, beginning with the date it is created. Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the tax returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from

the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Released Defendants' Parties and Defendants' Counsel shall not have any liability or responsibility for any such Taxes, including with respect to acts or omissions of the Lead Counsel or its agents with respect thereto. Within thirty (30) days of a written request by Lead Counsel, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j)(2)(ii), to cause the qualified settlement fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith, provided that no election under Treasury Regulation §1.468B-1(k) to treat the qualified settlement fund as a subpart E trust shall be made.

12. All Taxes (including estimated Taxes) shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Lead Counsel shall be obligated (notwithstanding anything in this Stipulation to the contrary) to withhold from distribution to Settlement Class Members any funds necessary to pay such Taxes or any other amounts required to be withheld by applicable laws, including pursuant to Treasury Regulation §1.468B-2(l), and the establishment of adequate reserves for any Taxes. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with these ¶¶ 11-12 and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Released Defendants' Parties and Defendants' Counsel shall have no responsibility or liability for the acts

or omissions of Lead Counsel or their agents with respect to the payment of Taxes and filing of tax returns, as described herein. The Released Defendants' Parties and Defendants' Counsel shall be indemnified from the Settlement Fund and held harmless for any Taxes (including, without limitation, Taxes payable by reason of such indemnification), including any interest or penalties applicable for any failure to pay such Taxes or file any tax returns related thereto. The Parties hereto agree to cooperate with Lead Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of these ¶¶ 11-12.

13. The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Released Defendants' Parties, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants (as defined in the Plan of Allocation), the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14. Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay up to $500,000 from the Settlement Fund, without further approval from Defendants or further order of the Court, for Notice and Administration Costs actually incurred and paid or payable. After the Effective Date of the Settlement, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs actually incurred and paid or payable. Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, developing the Settlement Website and posting the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for identifying

beneficial owners or forwarding the Postcard Notice to beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all reasonable Notice and Administration Costs paid or incurred shall not be returned or repaid to Defendants, any of the other Released Defendants' Parties, or any other person or entity who or which paid any portion of the Settlement Amount.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

15. Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel will also apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

16. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or

reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. The approval, finality and effectiveness of the Settlement shall not be contingent on an award of attorneys' fees and expenses, or on any award to Lead Plaintiffs. Any award(s) with respect to attorneys' fees and expenses will be separate and apart from the Settlement, and will not affect the validity or finality of the Settlement. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Released Defendants' Parties shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

**NOTICE AND SETTLEMENT ADMINISTRATION**

18. As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any of the other Released Defendants' Parties, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of

the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including Kornit's obligation to provide its security lists as provided in ¶ 20 below.

19. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail and/or email the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to post the Notice and Claim Form on the Settlement Website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

20. For the purposes of identifying and providing notice to the Settlement Class, Kornit shall use reasonable efforts to provide to the Claims Administrator (at no cost to the Settlement Class and within seven (7) calendar days after entry of the Court's order preliminarily approving the Settlement), a list of Kornit ordinary shareholders of record during the Settlement Class Period, in electronic format, such as Excel, to the extent such information is reasonably available from Kornit's transfer agent.

21. No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit

or declaration, regarding compliance with the notice requirements of CAFA. The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

22. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

23. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, or any of the other Released Defendants' Parties, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

24. Any Settlement Class Member who or which does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendants' Parties with respect to the

Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

25. Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant or other Released Defendants' Parties who are excluded from the Settlement Class shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

26. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b) All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if

applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendants' Parties with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c) Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d) Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e) If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds

for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

27. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

28. Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29. Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendants' Parties with respect to any and all of the Released Plaintiffs' Claims.

30. No person or entity shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or the Released Defendants' Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Released Persons shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns related thereto, or any losses incurred in connection therewith.

31. All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

32. If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

33. The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a) the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b) the dismissal with prejudice of all claims asserted in the Complaint by the Court, including any claims previously dismissed without prejudice by the Court;

(c) the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(d) Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation or the Supplemental Agreement;

(e) Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(f) the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and neither Lead Plaintiffs nor Defendants seek to terminate the Settlement and the Alternate Judgment has become Final.

34. Upon the occurrence of all of the events referenced in ¶ 33 above, any and all remaining interest or right of Defendants or their insurance carriers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

35. If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation or the Supplemental Agreement; (ii) Lead Plaintiffs exercise their right to terminate

the Settlement as provided in this Stipulation; or (iii) the Effective Date as to the Settlement otherwise fails to occur, then:

(a) The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b) Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of May 12, 2026.

(c) The terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 14, 16, 39, 58, and 59 shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d) Within thirty (30) calendar days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to the persons and entities who paid the Settlement Amount into the Escrow Account. In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the thirty (30) calendar days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the persons and entities who paid the Settlement Amount into the Escrow Account immediately upon the funds' deposit into the Escrow Account consistent with ¶ 16 above.

(e) Lead Counsel or its designee shall (a) apply for any tax refund owed to the Settlement Fund and (b) pay the proceeds of any tax refund received, after deduction of any fees and expenses incurred in connection with such refund application(s), to Defendants.

36. It is further stipulated and agreed that Lead Plaintiffs and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the United States Supreme Court, and the provisions of ¶ 35 above shall apply. The Parties agree to meet and confer following any such Termination Notice. However, any decision or proceeding, whether in this Court or any appellate court, solely with respect to an application for an award of attorneys' fees or Litigation Expenses or solely with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

37. In addition to the grounds set forth in ¶ 36 above, Kornit shall have the exclusive right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in a confidential

supplemental agreement between Lead Plaintiffs and Defendants (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiffs and Defendants concerning its interpretation or application, in which event those Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

38. In addition to the grounds set forth in ¶ 36 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, but only if (a) Lead Counsel have first notified Defendants' Counsel in writing of Lead Plaintiffs' intent to terminate pursuant to this paragraph, and (b) the entire Settlement Amount is not deposited in the Escrow Account within five (5) business days after Lead Counsel have provided such written notice. This remedy is not exclusive; Lead Plaintiffs also have the option to enforce the terms of the Settlement, including Defendants' obligations under ¶ 8.

**NO ADMISSION OF WRONGDOING**

39. Defendants deny any wrongdoing, liability, or violation of law or regulation whatsoever, and neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet,

this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties, or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) shall be offered against any of the Released Plaintiffs' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c) shall be construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Released Persons and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

**MISCELLANEOUS PROVISIONS**

40. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

41. Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Defendants and not by their counsel.

42. In the event (i) of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, (ii) that neither the Settlement Fund nor the Net Settlement Fund have yet been distributed in accordance with ¶ 9 above, such that all amounts

judicially determined to be a preference can be repaid to one or more of the Defendants (as applicable), without any need to claw-back any portion of such amounts from any government tax authority, the Claims Administrator, Plaintiffs' Counsel or any Authorized Claimant, and (iii) that an amount equal to any amounts that were judicially determined to be a preference, sufficient to replace any shortfall in the Settlement Fund, is not promptly deposited into the Settlement Fund by solvent third-parties, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Released Defendants' Parties pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 35 above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable up to $500,000) shall be returned as provided in ¶ 35 above.

43. The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Released Defendants' Parties with respect to the Released Plaintiffs' Claims. The Parties agree that each counterparty and their counsel has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and no Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Jed D. Melnick of JAMS, and

reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses. The Parties agree that, other than disclosures required by law, any public comments or statements from the Parties regarding this resolution will be limited to stating that "the Parties have reached a mutually acceptable resolution by way of a mediated settlement." The Parties agree that Defendants will have the opportunity to review Lead Plaintiffs' preliminary and final approval papers before they are publicly filed.

44. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

45. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

47. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48. This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations,

warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

49. This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Released Persons and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

51. The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52. Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55. Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56. If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiffs or Lead Counsel: | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>Attn: James A. Harrod<br>Alec T. Coquin<br>Mathews R. de Carvalho<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 554-1400<br>Facsimile: (212) 554-1444<br>Email: jim.harrod@blbglaw.com<br>alec.coquin@blbglaw.com<br>mathews.decarvalho@blbglaw.com |
| If to Defendants or Defendants' Counsel: | DAVIS POLK & WARDWELL LLP<br>Attn: Edmund Polubinski III<br>Dana Seshens<br>Daniel J. Schwartz<br>Marie Killmond<br>450 Lexington Avenue<br>New York, NY 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5800<br>Email: edmund.polubinski@davispolk.com<br>dana.seshens@davispolk.com<br>daniel.schwartz@davispolk.com<br>marie.killmond@davispolk.com |

57. Except as otherwise provided herein, each Party shall bear its own costs.

58. Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential, except where disclosure may be required by law.

59. All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60. No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of July 2, 2026.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

________________________________
Hannah Ross (*pro hac vice*)
Avi Josefson (*pro hac vice*)
James A. Harrod (*pro hac vice*)
Alec T. Coquin (*pro hac vice*)
Mathews R. de Carvalho (*pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
jim.harrod@blbglaw.com

alec.coquin@blbglaw.com
mathews.decarvalho@blbglaw.com

***Lead Counsel for Lead Plaintiffs***

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
James E. Cecchi
Kevin G. Cooper
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com
kcooper@carellabyrne.com

*Liaison Counsel for Plaintiffs*

**VMT Law, P.C.**
Thomas C. Michaud
Francis E. Judd
79 Alfred Street
Detroit, Michigan 48201
Telephone: (313) 578-1200
Facsimile: (313) 578-1201
tmichaud@vmtlaw.com
fjudd@vmtlaw.com

***Additional Counsel for Lead Plaintiff Genesee County Employees' Retirement System***

**DAVIS POLK & WARDWELL LLP**

Edmund Polubinski III (*pro hac vice*)
Dana Seshens (*pro hac vice*)
Daniel J. Schwartz (*pro hac vice*)
Marie Killmond (*pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
edmund.polubinski@davispolk.com
dana.seshens@davispolk.com
daniel.schwartz@davispolk.com
marie.killmond@davispolk.com

**FBT GIBBONS LLP**
Samuel I. Portnoy
One Gateway Center
Newark, New Jersey 07102-5310
Tel: (973) 596-4879
sportnoy@gibbonslaw.com

***Counsel for Defendants Kornit Digital Ltd., Ronen Samuel, and Alon Rozner***

# Exhibit A

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE KORNIT DIGITAL LTD. SECURITIES LITIGATION | Master File No. 2:23-cv-00888-MCA-AME<br><br>CLASS ACTION |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT**

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Kornit Digital Ltd. Securities Litigation*, Case No. 2:23-cv-888-MCA-AME (the "Action");

WHEREAS, (a) Lead Plaintiffs Genesee County Employees' Retirement System, Kranot Hishtalmut Le Morim Tichoniim Havera Menahelet LTD, Kranot Hishtalmut Le Morim Ve Gananot Havera Menahelet LTD, and Hachshara Insurance Company Ltd. ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants Kornit Digital Ltd. ("Kornit" or the "Company") and Ronen Samuel, and Alon Rozner (collectively, the "Individual Defendants," and together with Kornit, the "Defendants," and together with Lead Plaintiffs, the "Parties"), have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated July 2, 2026 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement

Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Proposed Class Certification for Settlement Purposes** – The Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement: all persons and entities who purchased or otherwise acquired ordinary shares of Kornit (i) from February 17, 2021, through July 5, 2022, inclusive (the "Class Period"); and/or (ii) pursuant and/or traceable to Kornit's secondary offering of ordinary shares in November 2021. Excluded from the Settlement Class are: (a) Defendants; (b) Immediate Family Members of the Individual Defendants; (c) the Former Underwriter Defendants; (d) the subsidiaries and affiliates of Kornit and the Former Underwriter Defendants; (e) any person who is an officer, director or controlling person of Kornit; (f) any entity in which any Defendant or Former Underwriter Defendant has a controlling interest; (g) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (h) the Former Amazon Defendants; and (i) the legal representatives, heirs, successors or assigns of any such excluded party. Notwithstanding the foregoing, any investment company or business entity, or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which the Former Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor, but in which any Former Underwriter Defendant alone or together with its respective affiliates, is not a

majority owner or does not hold a majority beneficial interest, shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, and solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that it will likely be able to certify Lead Plaintiffs as Class Representatives for the Settlement Class and appoint Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement

under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____________________, 2026 at __:__ _.m. either in person in 4A of the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, or by telephone or videoconference, in the discretion of the Court, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) Not later than seven (7) calendar days after the date of entry of this Order, Kornit shall use reasonable efforts to provide to the Claims Administrator (at no cost to the Settlement Class) a list of Kornit ordinary shareholders of record during the Class Period, in electronic format, such as Excel, to the extent such information is reasonably available from Kornit's transfer agent;

(b) not later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail and/or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Kornit or in the records which Kornit caused to be provided, or who otherwise may be identified through further reasonable effort; and shall cause copies of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits 2 and 3, respectively (together, the "Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

(c) by no later than the Notice Date, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement. In addition, the Claims Administrator will mail a copy of the Notice Packet to any person who makes such a request;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Notice, Claim Form, and Summary Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing, distribution, and/or posting of the Postcard Notice, Notice, and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included

in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted and published, respectively.

9. **Nominee Procedures** – Nominees who purchased or otherwise acquired Kornit ordinary shares during the Class Period for the benefit of another person or entity shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, e-mail addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Postcard Notice to such beneficial owners. **Nominees and their agents shall forward the Postcard Notice to (or identify names, mailing addresses, and e-mail addresses of) *all* beneficial owners who purchased or otherwise acquired Kornit ordinary shares during the Class Period, regardless of whether or not those beneficial owners have enrolled in a claim-filing program with their broker or financial institution.** Upon full compliance with this Order, such Nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.05 per mailing record provided to the Claims Administrator; $0.05 per unit for each Postcard Notice actually mailed plus postage at the rate used by the Claims Administrator; and $0.05 per Postcard Notice sent via email. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

11. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of trade confirmations, broker account statements, an authorized statement from a broker or financial institution containing the transactional and holding information found in a trade confirmation or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if

the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendants' Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Kornit Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91050, Seattle, WA 98111, and (b) each request for exclusion must (i) state the name, address, and telephone

number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Kornit Digital Ltd. Securities Litigation*, Case No. 2:23-cv-888-MCA-AME (D.N.J.)"; (iii) state the number of Kornit ordinary shares that the person or entity requesting exclusion (a) held as of the opening of trading on February 17, 2021 and (b) purchased/acquired and/or sold from February 17, 2021 through July 5, 2022, inclusive, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any

of the Released Plaintiffs' Claims against any of the Released Defendants' Parties, as more fully described in the Stipulation and Notice.

17. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however,* that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger<br>& Grossmann LLP<br>James A. Harrod<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020 | Davis Polk & Wardwell LLP<br>Edmund Polubinski III<br>450 Lexington Avenue<br>New York, NY 10017 |

18. Any objections, filings, and other submissions by the objecting Settlement Class Member must include: (a) the name of this proceeding, *In re Kornit Digital Ltd. Securities Litigation*, Case No. 2:23-cv-888-MCA-AME (D.N.J.); (b) the objector's full name, current address, e-mail address (if applicable), and telephone number; (c) the objector's signature; (d) a statement providing the specific reasons for the objection, including a detailed statement of the

specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (e) documents sufficient to prove membership in the Settlement Class, including documents showing the number of Kornit ordinary shares that the objecting Settlement Class Member (i) held as of the opening of trading on February 17, 2021, (ii) purchased/acquired and/or sold during the Class Period, and (iii) the dates, number of shares, and prices of each such purchase/acquisition and sale. The documentation establishing membership in the Settlement Class must consist of copies of trade confirmations or account statements, or an authorized statement from the objector's broker or financial institution containing the transactional and holding information found in a trade confirmation or account statement.

19. Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 above, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member that does not enter an appearance will be represented by Lead Counsel. Any Settlement Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses must file a notice of appearance with the Court as instructed in this paragraph above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection

must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Released Defendants' Parties.

22. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23. **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia*

*legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of May 12, 2026, as provided in the Stipulation.

26. **Use of this Order** – Defendants deny any wrongdoing, liability, or violation of law or regulation whatsoever, and neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of

any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties, or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiffs' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided*, *however*, that if the Stipulation is approved by the Court, the Parties and the Released Persons and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35)

calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28. **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _______ day of ______________, 2026.

______________________________________
The Honorable Madeline Cox Arleo
United States District Judge

#4023669

# Exhibit A-1

Important Legal Notice Authorized by the United States District Court for the District of New Jersey

**The parties in the action *In re Kornit Digital Ltd. Securities Litigation,* Case No. 2:23-cv-888-MCA-AME (D.N.J.) have reached a proposed settlement of $19,500,000.**

**If you are a Settlement Class Member, your legal rights may be affected by a proposed settlement of this securities class action, and you may be eligible for a cash payment. Please read this Postcard Notice carefully.**

For more information, please visit www.KornitSecuritiesLitigation.com or call toll free 1-855-961-0955.

**[QR Code]**

Kornit Securities Litigation
c/o JND Legal Administration
P.O. Box 91050
Seattle, WA 98111

«Barcode»

Postal Service: Please do not mark or cover barcode

«Full_Name»
«CARE_OF_NAME»
«ADDRESS_1»
«ADDRESS_2»
«CITY», «STATE» «ZIP»
«COUNTRY»

***THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***

**Please visit www.KornitSecuritiesLitigation.com or call 1-855-961-0955 for more information.**

The parties in the securities class action *In re Kornit Digital Ltd. Securities Litigation*, Case No. 2:23-cv-888-MCA-AME (D.N.J.) (the "Action") have reached a proposed Settlement. If approved by the Court, the Settlement will resolve the Action in its entirety. In the Action, the Complaint alleges that Kornit Digital Ltd. ("Kornit") and certain of its officers (together, "Defendants") made materially misleading statements about Kornit's business from February 17, 2021 through July 5, 2022, inclusive (the "Class Period"). Defendants deny any liability or wrongdoing. You received this notice because you may be a member of the following Settlement Class**: all persons and entities who purchased or otherwise acquired ordinary shares of Kornit (i) during the Class Period and/or (ii) pursuant and/or traceable to Kornit's secondary offering of ordinary shares in November 2021**.

**Pursuant to the Settlement, Defendants have agreed to pay $19,500,000.00** in cash, which, after deducting Court-awarded fees and expenses, notice and administration costs, and taxes, will **be allocated among Settlement Class Members who submit valid claims**, in exchange for the Settlement and the release of all claims asserted in the Action and related claims. For additional information regarding the Settlement, please review the full Notice available at www.KornitSecuritiesLitigation.com. If you are a Settlement Class Member, your *pro rata* share of the Settlement will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in Kornit ordinary shares during the Class Period. If all Settlement Class Members elect to participate in the Settlement, the estimated average recovery will be $0.53 per eligible Kornit ordinary share before deducting any fees and expenses. Your actual share of the Settlement will be determined pursuant to the Plan of Allocation set forth in the full Notice, or other plan of allocation ordered by the Court.

**To be eligible for a payment, you must submit a valid Claim Form.** The Claim Form can be found and submitted at www.KornitSecuritiesLitigation.com, or you can request that one be mailed to you. **Claims must be postmarked (if mailed), or submitted online, by __________, 2026**. If you do not want to be legally bound by any releases, judgments, or orders in the Action, you must exclude yourself from the Settlement Class **by __________, 2026**. If you exclude yourself from the Settlement Class, you may be able to sue Defendants about the claims being resolved in the Action, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file an objection with the district court **by __________, 2026**. The full Notice provides instructions on how to submit a Claim, how to exclude yourself, and how to object, and you must comply with all those instructions.

The Court will hold a hearing on ___________**, 2026 at __:__ _.m**. **Eastern Time**, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for attorneys' fees of up to 22% of the Settlement Fund and Litigation Expenses of no more than $350,000 (which together equal an estimated cost of $0.13 per eligible Kornit ordinary share). You may attend the hearing, but you do not have to. Please check www.KornitSecuritiesLitigation.com for any updates or changes to the hearing.

# Exhibit A-2

**Exhibit A-2**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE KORNIT DIGITAL LTD. SECURITIES LITIGATION | Master File No. 2:23-cv-00888-MCA-AME<br><br>CLASS ACTION |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of New Jersey (the "Court"), if you purchased or otherwise acquired the ordinary shares of Kornit Digital Ltd. ("Kornit" or the "Company") (i) during the period from February 17, 2021 through July 5, 2022, inclusive (the "Class Period"); and/or (ii) pursuant and/or traceable to Kornit's secondary offering of ordinary shares in November 2021.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs Genesee County Employees' Retirement System, Kranot Hishtalmut Le Morim Tichoniim Havera Menahelet LTD, Kranot Hishtalmut Le Morim Ve Gananot Havera Menahelet LTD, and Hachshara Insurance Company Ltd. ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 25 below), have reached a proposed settlement of the Action for **$19,500,000** in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Kornit, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 76 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging that Kornit and certain of its executives during the relevant time period—Chief Executive Officer, Ronen Samuel, and Chief Financial Officer, Alon Rozner (together, the "Individual Defendants")—violated the federal securities laws by making false and misleading statements during the Class Period concerning Kornit's business. A more

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 2, 2026 (the "Stipulation"), which is available at www.KornitSecuritiesLitigation.com.

detailed description of the Action is set forth in paragraphs 10-24 below. If the Court approves the proposed Settlement, the Action will be dismissed and members of the Settlement Class (defined in paragraph 25 below) will settle and release all Released Plaintiffs' Claims (defined in paragraph 39 below).

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $19,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court, and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimate of the number of Kornit ordinary shares purchased during the Class Period that may have been affected by the misstatements alleged in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is $0.53 per eligible share. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their Kornit ordinary shares, and the total number and value of valid Claims submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 22% of the Settlement Fund.[2] In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $350,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per affected Kornit ordinary share, if the Court approves Lead Counsel's fee and expense application, is $0.13 per share.

---

[2] Plaintiffs' Counsel means Lead Counsel; Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.; and VMT Law P.C.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by James A. Harrod of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, (800) 380-8496, settlements@blbglaw.com.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after further contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who, as stated above, deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:** | |
|---|---|
| **SUBMIT A CLAIM FORM *POSTMARKED OR SUBMITTED ONLINE* NO LATER THAN __________, 2026.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 39 below) that you have against Defendants and the other Released Defendants' Parties (defined in ¶ 40 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN __________, 2026.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. Please note, if you decide to exclude yourself from the Settlement Class, you may be time barred from asserting the claims covered by the Action by a statute of limitations or statute of repose. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN __________, 2026.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON __________, 2026 AT __:__ __.M. EASTERN TIME, AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN __________, 2026.** | Filing a written objection and notice of intention to appear by____________, 2026 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options—and the deadlines to exercise them—are further explained in this Notice. Please Note: the date and time of the Settlement Hearing—currently scheduled for ________, 2026 at __:___ a.m. Eastern time—is subject to change without further notice to the Settlement Class. If you plan to attend the hearing, you should check the Settlement website, www.KornitSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ........ Page [_]
What Is This Case About? ........ Page [_]
How Do I Know If I Am Affected By The Settlement?
Who Is Included In The Settlement Class? ........ Page [_]
What Are Lead Plaintiffs' Reasons For The Settlement? ........ Page [_]
What Might Happen If There Were No Settlement? ........ Page [_]
How Are Settlement Class Members Affected By The Action
And The Settlement? ........ Page [_]
How Do I Participate In The Settlement? What Do I Need To Do? ........ Page [_]
How Much Will My Payment Be? ........ Page [_]
What Payment Are The Attorneys For The Settlement Class Seeking?
How Will The Lawyers Be Paid? ........ Page [_]
What If I Do Not Want To Be A Member Of The Settlement Class?
How Do I Exclude Myself? ........ Page [_]
When And Where Will The Court Decide Whether To Approve The Settlement?
Do I Have To Come To The Hearing? May I Speak At The Hearing If I
Don't Like The Settlement? ........ Page [_]
What If I Bought Shares On Someone Else's Behalf? ........ Page [_]
Can I See The Court File? Whom Should I Contact If I Have Questions? ........ Page [_]
Appendix A: Plan of Allocation of the Net Settlement Fund ........ Page [_]

## WHY DID I GET THIS NOTICE?

8. The purpose of this Notice is to inform potential Settlement Class Members of the existence of this case, that it is a class action, how you (as a Settlement Class Member) might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. This Notice is also intended to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for attorneys' fees and Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 64-65 below for details about the Settlement Hearing, including the date and location of the hearing.

9. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

10. Kornit is an Israel-based company that manufactures and sells commercial textile printers and the ink and supplies needed to use them. Kornit ordinary shares were listed on and have traded on the NASDAQ under the ticker symbol "KRNT" at all times relevant to this Action. This Action involves allegations that, during the Class Period (from February 17, 2021 through July 5, 2022, inclusive), Kornit and the Individual Defendants made material misrepresentations and omissions related to Kornit's business and operations. Lead Plaintiffs allege that these alleged misrepresentations and omissions caused the price of Kornit ordinary shares to be inflated during the Class Period, and that the price declined when the truth was disclosed through disclosures on May 11, 2022 and July 5, 2022.

11. On February 15, 2023, an initial class action complaint was filed in the Court alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5.

12. On August 30, 2023, the Court appointed Lead Plaintiffs as Lead Plaintiffs, approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class, and captioned the action *In re Kornit Digital Ltd. Securities Litigation.*

13. On October 27, 2023, Lead Plaintiffs filed the Consolidated Class Action Complaint. Among other things, the Consolidated Class Action Complaint alleged false and misleading statements related to Kornit's business and operations. The Consolidated Class Action Complaint asserted claims under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against all Defendants; claims under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against the Individual Defendants; and claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l, and 77o, against the Company, the Former Underwriter Defendants, and the Individual Defendants.

14. On December 21, 2023, Defendants filed a motion to dismiss the Consolidated Class Action Complaint. Following an oral argument, on August 15, 2024, the Court entered an Order granting without prejudice the motion to dismiss.

15. On November 8, 2024, Lead Plaintiffs filed the Amended Consolidated Class Action Complaint (the "Complaint"). Among other things, the Complaint alleged false and misleading statements related to Kornit's business and operations. The Complaint asserted claims under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against all Defendants; claims under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against the Individual Defendants; and claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l, and 77o, against the Company, the Former Underwriter Defendants, and the Individual Defendants.

16. On January 24, 2025, Defendants filed a motion to dismiss the Complaint. Following oral argument, on September 4, 2025, the Court entered an Order granting in part and denying in part the motion to dismiss.

17. Following the denial of Defendants' motion to dismiss, the parties submitted a proposed scheduling order to the Court and began discovery, including the exchange of requests for the production

of documents. On December 30, 2025, the Court entered the Parties' proposed schedule in a Pretrial Scheduling Order.

18. On December 4, 2025, Defendants filed an Answer to the Complaint and filed a motion for judgment on the pleadings, which was fully briefed and was still pending at the time the settlement was reached.

19. On March 6, 2026, the Parties filed a Letter to the Court informing the Court of the Parties' agreement to conduct a private mediation before Jed D. Melnick of JAMS. On March 11, 2026, the Court granted the Parties' request to stay discovery pending the outcome of their private mediation.

20. The Parties engaged in pre-mediation document discovery, with Defendants making a production of documents directed at key liability issues in the case. Thereafter, the Parties exchanged mediation briefs and participated in an in-person mediation before Mr. Melnick on April 7, 2026. The case did not settle at that session but the parties continued to negotiate through Mr. Melnick.

21. On April 14, 2026, the Parties filed a letter to the Court, regarding a continued stay of discovery pending the outcome of ongoing settlement negotiations. On April 20, 2026, the Court granted the Parties' request.

22. Following the mediation session, Mr. Melnick made a recommendation that the Action be settled for $19.5 million, which the Parties accepted on April 28, 2026. The terms of the Parties' agreement to settle were memorialized in a Confidential Term Sheet executed on May 11, 2026.

23. On July 2, 2026, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement. The Stipulation can be viewed at www.KornitSecuritiesLitigation.com.

24. On __________, 2026, the Court preliminarily approved the Settlement, authorized that notice of the Settlement be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

25. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who purchased or otherwise acquired ordinary shares of Kornit (i) during the period from February 17, 2021 through July 5, 2022, inclusive (the "Class Period"); and/or (ii) pursuant and/or traceable to Kornit's secondary offering of ordinary shares in November 2021

Excluded from the Settlement Class are (a) Defendants; (b) the Immediate Family Members of the Individual Defendants; (c) the Former Underwriter Defendants;[3] (d) the subsidiaries and affiliates of Kornit and the Former Underwriter Defendants; (e) any person who is an officer, director or controlling person of Kornit; (f) any entity in which any Defendant or Former Underwriter Defendant has a controlling interest; (g) Defendants' directors' and officers' liability insurance carriers, and any affiliates

[3] The "Former Underwriter Defendants" are Citigroup Global Markets Inc., Barclays Capital Inc., Goldman Sachs & Co. LLC, and Morgan Stanley & Co. LLC.

or subsidiaries thereof; (h) the Former Amazon Defendants;[4] and (i) the legal representatives, heirs, successors or assigns of any such excluded party. Notwithstanding the foregoing, any investment company or business entity, or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which the Former Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor, but in which any Former Underwriter Defendant alone or together with its respective affiliates, is not a majority owner or does not hold a majority beneficial interest, shall not be excluded from the Settlement Class.

26. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page [__] below.

**Please Note: Receipt of this Notice or the mailed Postcard Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit a Claim Form and the required supporting documentation as set forth therein postmarked (or submitted online) no later than ___________, 2026.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

27. Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the significant expense and length of the continued proceedings that would be necessary to pursue their claims against Defendants through the completion of discovery, certification of the class, summary judgment, trial, and appeals, as well as the substantial risks they would face in establishing liability and damages and in recovering a substantial judgment against Defendants. The Court's decision on Defendants' motion to dismiss the Complaint significantly narrowed the scope of Lead Plaintiffs' and the Settlement Class's claims—while allowing the case to proceed on five statements, it dismissed more than 90% of the alleged misstatements and all of the Securities Act claims. Additionally, the Court specifically noted during the motion to dismiss hearing that certain of the sustained statements were a "close call." That decision limited Lead Plaintiffs' liability claims and affected the scope of the damages and loss causation arguments that could be asserted on behalf of the Settlement Class. Notwithstanding the limitations on the scope of the Complaint that the Court sustained, Defendants have argued, and would continue to argue concerning the remaining claims, that they did not violate the federal securities laws. Among other things, Defendants have argued, and would continue to argue, that (1) they did not make any false or misleading statements, (2) they did not act with "scienter," or fraudulent intent, and (3) Lead Plaintiffs could not prove damages or loss causation with respect to any alleged false or misleading statements.

28. For example, Defendants would continue to assert that even as to the sustained claims they made no false or misleading statements regarding the length and mandatory nature of Kornit's service contracts, the health of Kornit's business, the revenue "pull-forward," and demand for Kornit's products. As to the service contract statement, Defendants had argued, and would continue to argue, that Kornit's service contracts contained automatic renewal provisions that rendered them "multiple year" agreements in

[4] The "Former Amazon Defendants" are Amazon.com NV Investment Holdings LLC and Amazon.com, Inc.

practice, that Kornit maintained a high "attach rate," and that the Company's SEC filings disclosed the terms of those contracts such that no reasonable investor could have been misled. As to Defendant Samuel's positive statement about the health of Kornit's business, Defendants argued, and would continue to argue, that the statement constituted corporate puffery and that the decline in demand for Kornit's products did not emerge until after the statement was made. As to the "pull-forward" statement, Defendants argued, and would continue to argue, that the pull-forward did not violate accounting rules and that Defendant Rozner answered the analyst's question accurately from an accounting perspective. Indeed, these risks were highlighted by the fact that the Court's motion to dismiss order significantly narrowed the case.

29. Defendants also would continue to argue that they did not act with fraudulent intent, and that there was no scheme in place to defraud investors. Defendants would continue to assert, among other things, that the challenged statements reflected the honestly held beliefs and expectations of Defendants about Kornit's business and operations at the time they made those statements. For example, as to the statement regarding the health of Kornit's business in February 2022, Defendants would continue to assert that Mr. Samuel subjectively believed that Kornit's business was in a better position than ever, that he had a good-faith basis for his opinion, and that he did not know of the Company's declining performance after making the statement.

30. Lead Plaintiffs also faced risks with respect to proving loss causation and damages. Defendants filed a motion for judgment on the pleadings, which was pending at the time when the Parties reached a settlement, arguing that the Court should dismiss the February 2021 service contract statement on loss-causation grounds because none of the alleged corrective disclosures mentioned Kornit's service contracts or revealed any inaccuracy in that statement. If granted, that motion would have reduced the alleged Class Period by nearly a year (such that it would begin in February 2022) and reduced recoverable damages significantly. Additionally, Defendants challenged whether the two alleged corrective disclosures were sufficiently connected to the remaining alleged false and misleading statements, such that those statements could be considered the cause of any damages to the Class. Moreover, Defendants were expected to vigorously dispute what portion (if any) of Kornit's stock price declines following each of the alleged corrective disclosures was attributable to the sustained alleged misstatements—as opposed to other factors affecting Kornit's business.

31. Finally, Lead Plaintiffs faced a possibility that any available recovery would be reduced, including because Defendants' remaining available insurance was being consumed by the ongoing litigation. The proposed Settlement avoids these risks and, if approved, will provide a prompt and certain benefit to the Settlement Class.

32. In light of these and other risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Settlement provides a substantial benefit to the Settlement Class, namely $19,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery at all, after further proceedings on Lead Plaintiffs' motion for class certification and likely summary judgment motions, trial, and appeals, possibly years in the future.

33. Defendants have denied the claims asserted against them in the Action and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

34. If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

35. As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

36. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page [__] below.

37. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objection(s) by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

38. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 39 below) against Defendants and the other Released Defendants' Parties (as defined in ¶ 40 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

39. "Released Plaintiffs' Claims" means all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common, foreign or other applicable law, rule, or regulation that Lead Plaintiffs, former plaintiff Indiana State Police Pension Trust, any other member of the Settlement Class, or any other Releasing Plaintiffs' Party: (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Complaint, and which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase or acquisition of Kornit ordinary shares by any members of the

Settlement Class during the Class Period. This release shall not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

40. "Released Defendants' Parties" means (i) each Defendant; (ii) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (iii) the Immediate Family Members of the Individual Defendants; (iv) direct or indirect parent entities, direct and indirect subsidiaries, related entities, and all affiliates of the Company; (v) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her Immediate Family Members; (vi) any entity in which a Defendant has a controlling interest; (vii) the Former Underwriter Defendants; (viii) the Former Amazon Defendants; and (ix) for any of the persons or entities listed in parts (i) through (viii), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; all in their capacities as such.

41. "Unknown Claims" means any and all Released Plaintiffs' Claims against the Released Defendants' Parties that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims against the Released Plaintiffs' Parties that any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, including without limitation those that, if known by such Lead Plaintiff, Settlement Class Member or Defendant, might have affected his, her, or its decision(s) with respect to this Settlement or the Releases. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Lead Plaintiffs and Defendants acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

42. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 43 below) against Lead Plaintiffs and the other Released Plaintiffs' Parties (as defined in ¶ 44 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties.

43. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted

in the Action. This release does not cover, include, or release any claims relating to the enforcement of the Settlement.

44. "Released Plaintiffs' Parties" means (i) Lead Plaintiffs, and former plaintiff Indiana State Police Pension Trust, all Settlement Class members, any other plaintiffs in the Action and their counsel, Lead Counsel and Plaintiffs' Counsel, and Cohen Milstein Sellers & Toll PLLC (counsel for former plaintiff Indiana State Police Pension Trust), and (ii) each of their respective Immediate Family Members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, investigators, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, all in their capacities as such. Nothing in this paragraph shall affect any claims, demands, rights, or causes of action and liabilities: (a) between or among Defendants; or (b) between Defendants and their insurers.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

45. To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return a Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online*** **at www.KornitSecuritiesLitigation.com no later than ___________, 2026**. You may obtain a Claim Form from the website maintained by the Claims Administrator for the Settlement, www.KornitSecuritiesLitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-855-961-0955 or by emailing the Claims Administrator at info@KornitSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Kornit ordinary shares, as they will be needed to document your Claim.** The Parties and Claims Administrator do not have information about your transactions in Kornit ordinary shares.

46. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

47. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

48. Pursuant to the Settlement, Defendants have agreed to cause $19,500,000 in cash (the "Settlement Amount") to be paid into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

49. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

50. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

51. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

52. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (or submitted online) on or before _________, 2026 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 39 above) against the Released Defendants' Parties (as defined in ¶ 40 above) and will be enjoined and prohibited from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties whether or not such Settlement Class Member submits a Claim Form.

53. Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to shares of Kornit ordinary shares purchased through the ERISA Plan in any Claim Form they submit in this Action. They should include ONLY shares of Kornit ordinary shares purchased during the Class Period outside of an ERISA Plan. Claims based on any ERISA Plan's purchases of Kornit ordinary shares during the Class Period may be made by the plan's trustees.

54. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

55. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

56. Only Settlement Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are Kornit ordinary shares.

**57. Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs. At the Settlement Hearing, Lead Plaintiffs will request that the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

58. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-

of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 22% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $350,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, pursuant to the PSLRA. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

59. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Kornit Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91050, Seattle, WA 98111. The Request for Exclusion must be ***received*** **no later than ___________, 2026**. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Kornit Digital Ltd. Securities Litigation*, Case No. 2:23-cv-888-MCA-AME (D.N.J.)"; (iii) state the number of Kornit ordinary shares that the person or entity requesting exclusion (A) held as of the opening of trading on February 17, 2021 and (B) purchased/acquired and/or sold from February 17, 2021 through July 5, 2022, inclusive, as well as the date, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

60. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Defendants' Parties.

61. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund. If you validly request exclusion from the Settlement Class you will retain the right to individually pursue any legal claims that you may have against any Defendants with respect to the claims asserted in the Action. However, Defendants will have the right to assert any defenses to your claims. **<u>Please note</u>, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting claims covered by the Action by a statute of limitation or statute of repose.**

62. Kornit has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by the Parties.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

63. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing**.

64. **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. The Court may decide to allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, it is important that you monitor the Court's docket and the Settlement website, www.KornitSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.KornitSecuritiesLitigation.com.**

65. The Settlement Hearing will be held on **__________, 2026 at __:__ __.m. Eastern Time**, before the Honorable Madeline Cox Arleo of the United States District Court for the District of New Jersey, either in person in Courtroom 4A of the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, or by telephone or videoconference (in the discretion of the Court). At the Settlement Hearing, the Court will consider: (a) whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class, and should be finally approved; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) whether the Settlement Class should be certified for purposes of the Settlement; (d) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

66. Any Settlement Class Member that does not request exclusion may object to the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, electronically with the Court or by letter mailed to the Clerk's Office at the United States District Court for the District of New Jersey, at the address set forth below **on or before _________, 2026**. You must also serve the objection and supporting papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the objection and supporting papers are ***received* on or before _________, 2026.**

| Clerk's Office | Lead Counsel | Defendants' Counsel |
|---|---|---|
| United States District Court<br>District of New Jersey<br>Clerk of the Court<br>Martin Luther King Building<br>& U.S. Courthouse<br>50 Walnut Street, Room 4015<br>Newark, NJ 07101 | **Bernstein Litowitz Berger & Grossmann LLP**<br>James A. Harrod<br>1251 Avenue of the Americas<br>44th Floor<br>New York, NY 10020 | **Davis Polk & Wardwell LLP**<br>Edmund Polubinski III<br>450 Lexington Avenue<br>New York, NY 10017 |

67. Any objection must include: (a) the name of this proceeding, *In re Kornit Digital Ltd. Securities Litigation*, Case No. 2:23-cv-888-MCA-AME (D.N.J.); (b) the objector's full name, current address, email address (if applicable), and telephone number; (c) the objector's signature; (d) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (e) documents sufficient to prove membership in the Settlement Class, including documents showing the number of Kornit ordinary shares that the objecting Settlement Class Member (i) held as of the opening of trading on February 17, 2021, (ii) purchased/acquired and/or sold from February 17, 2021 through July 5, 2022, inclusive, and (iii) the date, number of shares, and prices of each such purchase/acquisition and sale. The documentation establishing membership in the Settlement Class must consist of copies of trade confirmations or monthly account statements, or an authorized statement from your broker or financial institution containing the transactional and holding information found in a trade confirmation or account statement.

68. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

69. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

70. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office so that it is ***received*** **on or before ___________, 2026**. Such persons may be heard orally at the discretion of the Court. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

71. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court so that the notice is ***received*** **on or before ___________, 2026**.

72. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the Settlement website, www.KornitSecuritiesLitigation.com. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

73. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

74. If you purchased Kornit ordinary shares from February 17, 2021 through July 5, 2022, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those Postcard Notices, forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Kornit Securities Litigation*, c/o JND Legal Administration, P.O. Box 91050, Seattle, WA 98111, or info@KornitSecuritiesLitigation.com. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek payment of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. **Brokers, nominees, and their agents shall forward the Postcard Notice to (or identify names, mailing addresses, and e-mail addresses of) *all* beneficial owners who purchased Kornit ordinary shares during the Class Period, regardless of whether or not those beneficial owners have enrolled in a claim-filing program with their broker or financial institution.** Reasonable expenses shall not exceed $0.05 per mailing record provided to the Claims Administrator; $0.05 per unit for each Postcard Notice actually mailed plus postage at the rate used by the Claims Administrator; and $0.05 per Postcard Notice sent via email. Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

75. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.KornitSecuritiesLitigation.com, or by calling the Claims Administrator toll free at 1-855-961-0955.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

76. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be reviewed by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.njd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, NJ 07101. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.KornitSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Kornit Securities Litigation*
c/o JND Legal Administration
P.O. Box 91050

Seattle, WA 98111

1-855-961-0955
www.KornitSecuritiesLitigation.com

or

James A. Harrod
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
800-380-8496
settlements@blbglaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: ___________, 2026

By Order of the Court
United States District Court
District of New Jersey

**Appendix A**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

77. As discussed above, the Settlement provides $19,500,000 in cash for the benefit of the Settlement Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants, i.e., members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment by the Court, in accordance with a plan of allocation to be adopted by the Court. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.

78. The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification to the Plan will be posted to www.KornitSecuritiesLitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan.

79. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

80. The Plan of Allocation was created with the assistance of Lead Plaintiffs' damages expert and reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of Kornit ordinary shares to be artificially inflated throughout the Class Period. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Kornit ordinary shares in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes on those days that were attributable to market or industry forces and adjusting for risks associated with Lead Plaintiffs' ability to prove liability, loss causation and damages.

81. In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Kornit ordinary shares. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from February 16, 2021 through May 11, 2022, inclusive, which had the effect of artificially inflating the price of Kornit ordinary shares. Lead Plaintiffs further allege that corrective information was released to the market on May 11, 2022 and July 5, 2022, which removed the artificial inflation from the price of Kornit ordinary shares on May 11, 2022 and July 6, 2022.

82. Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Kornit ordinary shares at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price. Accordingly, in order to have a

Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member that purchased or otherwise acquired Kornit ordinary shares during the Class Period must have held those shares through at least one of the dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Kornit ordinary shares. In addition, in recognition of the additional difficulties affecting claims on purchases of Kornit ordinary shares between February 17, 2021 and February 14, 2022, which would have related to both liability and loss causation, adjusted Recognized Loss Amounts have been applied to purchases in this portion of the Class Period.[5]

## CALCULATION OF RECOGNIZED LOSS AMOUNT

83. Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Kornit ordinary shares during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.[6]

84. For each Kornit ordinary share purchased or otherwise acquired from February 17, 2021, through February 14, 2022, and:

A. Sold prior to the close of trading on May 10, 2022, the Recognized Loss Amount will be $0.00.

B. Sold from May 11, 2022 through the close of trading on July 5, 2022, the Recognized Loss Amount will be ***the lesser of***: (i) $0.25 per share; or (ii) the purchase/acquisition price minus the sale price.

C. Sold from July 6, 2022 through the close of trading on October 3, 2022, the Recognized Loss Amount will be ***the least of***: (i) $1.24 per share; (ii) the purchase/acquisition price minus the average closing price from July 6, 2022 through the date of sale as stated in Table B below; or (iii) the purchase/acquisition price minus the sale price.

D. Held as of the close of trading on October 3, 2022, the Recognized Loss Amount will be ***the lesser of***: (i) $1.24 per share, or (ii) the purchase/acquisition price *minus* $28.67.[7]

---

[5] Specifically, Claimants who purchased or acquired Kornit ordinary shares from February 17, 2021 through February 14, 2022 and held those shares until the end of the Class Period will have a maximum Recognized Loss Amount of $1.24 per share (equal to 15% of the $8.28 decline in alleged artificial inflation removed on July 6, 2022). Claimants who purchased or acquired Kornit ordinary shares from February 17, 2021, through February 14, 2022 and sold those shares from May 11, 2022 through July 5, 2022 (holding over only the first alleged corrective disclosures) will have a maximum Recognized Loss Amount of 20% of that amount, or $0.25 per share.

[6] Any transactions in Kornit ordinary shares executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[7] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the

85. For each Kornit ordinary share purchased or otherwise acquired from February 15, 2022, through July 5, 2022, and:

E. Sold prior to the close of trading on May 10, 2022, the Recognized Loss Amount will be $0.00.

F. Sold from May 11, 2022 through the close of trading on July 5, 2022, the Recognized Loss Amount will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below *minus* the amount of artificial inflation per share on the date of sale as stated in Table A below; or (ii) the purchase/acquisition price minus the sale price.

G. Sold from July 6, 2022 through the close of trading on October 3, 2022, the Recognized Loss Amount will be ***the least of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below; (ii) the purchase/acquisition price minus the average closing price from July 6, 2022 through the date of sale as stated in Table B below; or (iii) the purchase/acquisition price minus the sale price.

H. Held as of the close of trading on October 3, 2022, the Recognized Loss Amount will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below, or (ii) the purchase/acquisition price *minus* $28.67.

## (a) <u>ADDITIONAL PROVISIONS</u>

86. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶¶ 84 and 85 above.

87. **FIFO Matching:** If a Claimant made more than one purchase/acquisition or sale of Kornit ordinary shares during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

88. **Purchase/Sale Prices:** For the purposes of calculations in ¶¶ 84 and 85 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

89. **"Purchase/Acquisition/Sale" Dates:** Purchases or acquisitions and sales of Kornit ordinary shares will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Kornit ordinary shares during the Class Period will not be deemed a purchase, acquisition, or sale of Kornit ordinary shares for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Kornit ordinary shares unless (i) the donor or decedent purchased or otherwise acquired or sold such Kornit ordinary shares during the Class

---

Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Kornit ordinary shares during the "90-day look-back period," from July 6, 2022, through October 3, 2022. The mean (average) closing price for Kornit ordinary shares during this period was $28.67.

Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such shares of Kornit ordinary shares.

90. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Kornit ordinary shares. The date of a "short sale" is deemed to be the date of sale of the Kornit ordinary shares. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

91. In the event that a Claimant has an opening short position in Kornit ordinary shares, the earliest purchases or acquisitions of Kornit ordinary shares during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

92. **Ordinary Shares Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Kornit ordinary shares purchased or sold through the exercise of an option, the purchase/sale date of the ordinary shares is the exercise date of the option and the purchase/sale price is the exercise price of the option.

93. **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Kornit ordinary shares during the Class Period. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[8] and (ii) the sum of the Claimant's Total Sales Proceeds[9] and the Claimant's Holding Value.[10] If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

94. If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Kornit ordinary shares during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Kornit ordinary shares during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

95. **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

---

[8] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all shares of Kornit ordinary shares purchased or acquired during the Class Period.

[9] The Claims Administrator shall match any sales of Kornit ordinary shares during the Class Period first against the Claimant's opening position in Kornit ordinary shares (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of Kornit ordinary shares sold during the Class Period is the "Total Sales Proceeds."

[10] The Claims Administrator shall ascribe a "Holding Value" of $23.46 to each share of Kornit ordinary shares purchased or acquired during the Class Period that was still held as of the close of trading on July 5, 2022.

96. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant. Those funds will be included in the distribution to Authorized Claimants whose Distribution Amount is $10.00 or more.

97. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund six (6) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Lead Counsel and approved by the Court.

98. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages experts, Lead Plaintiffs' consulting experts, Defendants, Defendants' Counsel, or any of the other Released Plaintiff Parties or Released Defendants' Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Released Defendants' Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

**TABLE A**

| **Estimated Artificial Inflation in Kornit Ordinary Shares<br>February 17, 2021 through July 5, 2022** | |
|---|---|
| **Date Range** | **Estimated Artificial Inflation Per Share** |
| February 17, 2021, through February 14, 2022 | $1.24 |
| February 15, 2022, through May 10, 2022 | $20.21 |
| May 11, 2022, through July 5, 2022 | $8.28 |
| July 6, 2022, or after | $0.00 |

**TABLE B**

**90-Day Look-back Table for Kornit Ordinary Shares**
**Closing Price and Average Closing Price**
**July 6, 2022, through October 3, 2022**

| Date | Closing Price | Average Closing Price from July 6, 2022, through Date Shown | Date | Closing Price | Average Closing Price from July 6, 2022, through Date Shown |
|---|---|---|---|---|---|
| 7/6/2022 | $23.46 | $23.46 | 8/19/2022 | $31.77 | $28.47 |
| 7/7/2022 | $26.37 | $24.92 | 8/22/2022 | $30.60 | $28.53 |
| 7/8/2022 | $26.14 | $25.32 | 8/23/2022 | $30.34 | $28.58 |
| 7/11/2022 | $24.11 | $25.02 | 8/24/2022 | $30.01 | $28.62 |
| 7/12/2022 | $24.12 | $24.84 | 8/25/2022 | $31.79 | $28.71 |
| 7/13/2022 | $24.00 | $24.70 | 8/26/2022 | $30.31 | $28.75 |
| 7/14/2022 | $22.17 | $24.34 | 8/29/2022 | $30.10 | $28.78 |
| 7/15/2022 | $23.64 | $24.25 | 8/30/2022 | $30.58 | $28.83 |
| 7/18/2022 | $25.41 | $24.38 | 8/31/2022 | $31.08 | $28.88 |
| 7/19/2022 | $26.98 | $24.64 | 9/1/2022 | $29.24 | $28.89 |
| 7/20/2022 | $27.34 | $24.89 | 9/2/2022 | $28.89 | $28.89 |
| 7/21/2022 | $27.03 | $25.06 | 9/6/2022 | $27.29 | $28.85 |
| 7/22/2022 | $26.19 | $25.15 | 9/7/2022 | $28.44 | $28.85 |
| 7/25/2022 | $25.71 | $25.19 | 9/8/2022 | $29.28 | $28.86 |
| 7/26/2022 | $25.15 | $25.19 | 9/9/2022 | $31.38 | $28.91 |
| 7/27/2022 | $26.13 | $25.25 | 9/12/2022 | $31.56 | $28.96 |
| 7/28/2022 | $26.68 | $25.33 | 9/13/2022 | $30.42 | $28.99 |
| 7/29/2022 | $27.21 | $25.44 | 9/14/2022 | $30.62 | $29.03 |
| 8/1/2022 | $27.29 | $25.53 | 9/15/2022 | $30.14 | $29.05 |
| 8/2/2022 | $28.34 | $25.67 | 9/16/2022 | $28.33 | $29.03 |
| 8/3/2022 | $29.98 | $25.88 | 9/19/2022 | $28.53 | $29.02 |
| 8/4/2022 | $29.58 | $26.05 | 9/20/2022 | $27.29 | $28.99 |
| 8/5/2022 | $29.34 | $26.19 | 9/21/2022 | $26.98 | $28.96 |
| 8/8/2022 | $31.26 | $26.40 | 9/22/2022 | $26.41 | $28.91 |
| 8/9/2022 | $29.67 | $26.53 | 9/23/2022 | $25.86 | $28.86 |
| 8/10/2022 | $35.47 | $26.88 | 9/26/2022 | $25.37 | $28.80 |
| 8/11/2022 | $35.51 | $27.20 | 9/27/2022 | $26.61 | $28.76 |
| 8/12/2022 | $35.25 | $27.48 | 9/28/2022 | $28.22 | $28.75 |
| 8/15/2022 | $34.96 | $27.74 | 9/29/2022 | $27.25 | $28.73 |
| 8/16/2022 | $34.85 | $27.98 | 9/30/2022 | $26.61 | $28.69 |
| 8/17/2022 | $34.27 | $28.18 | 10/3/2022 | $27.45 | $28.67 |
| 8/18/2022 | $34.00 | $28.36 | | | |

# Exhibit A-3

**Exhibit A-3**

*Kornit Securities Litigation*
**Toll-Free Number: (855) 961-0955**
**Email: info@KornitSecuritiesLitigation.com**
**Website: www.KornitSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class Mail to the address below, or submit it online at www.KornitSecuritiesLitigation.com, with supporting documentation, ***postmarked*** **(if mailed) or submitted online no later than _________, 2026**.

**Mail to:**

***Kornit Securities Litigation***
**c/o JND Legal Administration**
**P.O. Box 91050**
**Seattle, WA 98111**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| PART I – CLAIMANT INFORMATION | 2 |
| PART II – GENERAL INSTRUCTIONS | 3 |
| PART III – SCHEDULE OF TRANSACTIONS IN KORNIT ORDINARY SHARES (NASDAQ: KRNT; CUSIP: M6372Q113) | 6 |
| PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE | 7 |

**Need help?** If you have questions concerning this Claim Form or need assistance in filling out the Claim Form, you may contact the Claims Administrator at the above mailing address, by email at info@KornitSecuritiesLitigation.com, or by toll-free phone at (855) 961-0955, or you can visit the website, www.KornitSecuritiesLitigation.com.

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Name of the Beneficial Owner of Kornit ordinary shares (see ¶ 9 on next page for details)
First Name | Last Name

Joint Owner's Name (*if applicable*)
First Name | Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Street Address (second line, if needed)

City | State/Province | Zip Code

Foreign Postal Code (if applicable) | Foreign Country (if applicable)

Telephone Number (Day) | Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Owner:**

Specify one of the following:

☐ Individual(s) ☐ Corporation ☐ UGMA Custodian ☐ IRA

☐ Partnership ☐ Estate ☐ Trust ☐ Other (describe: ______________________)

## PART II – GENERAL INSTRUCTIONS

1. It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"), including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation"). The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2. This Claim Form is directed to **all persons and entities who purchased or acquired the ordinary shares of Kornit Digital Ltd. ("Kornit") from February 17, 2021 through July 5, 2022, inclusive ("Class Period"), and/or (ii) pursuant and/or traceable to Kornit's secondary offering of ordinary shares in November 2021 ("Settlement Class")**. Certain persons and entities are excluded from the Settlement Class by definition as set forth in ¶ 25 of the Notice.

3. By submitting this Claim Form, you are making a request to share in the proceeds of the Settlement described in the Notice. If you are not a Settlement Class Member (see the definition of the Settlement Class in ¶ 25 of the Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, do not submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.** Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

4. **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5. Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Kornit ordinary shares. In this Schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Kornit ordinary shares, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

6. **Please note**: Only ordinary shares of Kornit purchased or acquired during the Class Period (*i.e.*, the period from February 17, 2021 through July 5, 2022, inclusive) are eligible under the Settlement. However, because the PSLRA provides for a "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases, acquisitions, and sales of Kornit ordinary shares during the period from July 6, 2022 through October 2, 2022 (i.e., the 90-day look-back period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

7. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the Kornit ordinary shares set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of trade confirmations or account statements, or an authorized statement from your broker or other financial institution containing the transactional and holding information found in a trade confirmation or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Kornit ordinary shares. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS

FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8. **One Claim Form should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Kornit ordinary shares made on behalf of a single beneficial owner.

9. All joint beneficial owners must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or acquired ordinary shares of Kornit during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or acquired Kornit ordinary shares during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares/options, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

10. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Kornit ordinary shares; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13. **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@KornitSecuritiesLitigation.com, or by toll-free phone at 855-961-0955, or you can visit the website maintained by the Claims Administrator, www.KornitSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15. **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the website www.KornitSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@KornitSecuritiesLitigation.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@KornitSecuritiesLitigation.com to inquire about your file and confirm it was received.**

**IMPORTANT PLEASE NOTE:**

**YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 855-961-0955.**

## PART III – SCHEDULE OF TRANSACTIONS IN KORNIT ORDINARY SHARES

The only eligible securities are the ordinary shares of Kornit Digital Ltd. ("Kornit"). Kornit ordinary shares trade on the NASDAQ under the ticker symbol **KRNT** with the CUSIP **M6372Q113**. Do not include information regarding securities other than Kornit ordinary shares. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions ¶ 7, above.

| | |
|---|---|
| **1. HOLDINGS AS OF FEBRUARY 17, 2021 –** State the total number of shares of Kornit ordinary shares held as of the opening of trading on February 17, 2021. (Must be documented.) If none, write "zero" or "0." ________________ | Confirm Proof of Position Enclosed ☐ |

**2. PURCHASES/ACQUISITIONS FROM FEBRUARY 17, 2021 THROUGH JULY 5, 2022, INCLUSIVE** – Separately list each and every purchase or acquisition (including free receipts) of Kornit ordinary shares from February 17, 2021 through the close of trading on July 5, 2022. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**3. PURCHASES/ACQUISITIONS FROM JULY 6, 2022 THROUGH OCTOBER 2, 2022, INCLUSIVE** – State the total number of shares of Kornit ordinary shares purchased or acquired (including free receipts) from July 6, 2022 through the close of trading on October 2, 2022. If none, write "zero" or "0." ____________________

| | |
|---|---|
| **4. SALES FROM FEBRUARY 17, 2021 THROUGH OCTOBER 2, 2022** – Separately list each and every sale or disposition (including free deliveries) of Kornit ordinary shares from February 17, 2021 through the close of trading on October 2, 2022. (Must be documented.) | **IF NONE, CHECK HERE** ☐ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

| | |
|---|---|
| **5. HOLDINGS AS OF OCTOBER 2, 2022 –** State the total number of shares of Kornit ordinary shares held as of the close of trading on October 2, 2022. (Must be documented.) If none, write "zero" or "0." ________________ | Confirm Proof of Position Enclosed ☐ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.**

I (We) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3. that the claimant(s) did ***not*** submit a request for exclusion from the Settlement Class;

4. that I (we) owned the Kornit ordinary shares identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendants' Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases of Kornit ordinary shares and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that the claimant(s) has (have) not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any Released Plaintiffs' Claim against any of the Released Defendants' Parties;

7. that the claimant(s) submit(s) to the jurisdiction of the United States District Court for the District of New Jersey with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

8. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

9. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

10. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

11. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Signature of claimant Date

Print claimant name here

Signature of joint claimant, if any Date

Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

Signature of person signing on behalf of claimant Date

Print name of person signing on behalf of claimant here

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 10 on page 4 of this Claim Form.)

# REMINDER CHECKLIST

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.
2. Attach only ***copies*** of acceptable supporting documentation as these documents will not be returned to you.
3. Do not highlight any portion of the Claim Form or any supporting documents.
4. Keep copies of the completed Claim Form and documentation for your own records.
5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard. **If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll-free at (855) 961-0955.**
6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.
7. If you have any questions or concerns regarding your Claim Form, contact the Claims Administrator at the mailing address below, by email at info@KornitSecuritiesLitigation.com, or by toll-free phone at (855) 961-0955, or you may visit www.KornitSecuritiesLitigation.com. DO NOT call Kornit, the other Defendants, or their counsel with questions regarding your Claim Form.

**This Claim Form must be mailed to the Claims Administrator by First-Class Mail or submitted online at www.KornitSecuritiesLitigation.com, postmarked (or submitted online) no later than ________, 2026. If mailed, the Claim Form should be addressed as follows:**

*Kornit Securities Litigation*
c/o JND Legal Administration
P.O. Box 91050
Seattle, WA 98111

Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# Exhibit A-4

**Exhibit A-4**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE KORNIT DIGITAL LTD. SECURITIES LITIGATION | Master File No. 2:23-cv-00888-MCA-AME<br><br>CLASS ACTION |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: All persons and entities who purchased or otherwise acquired the ordinary shares of Kornit Digital Ltd. ("Kornit") (i) from February 17, 2021 through July 5, 2022, inclusive (the "Class Period"), and/or (ii) pursuant and/or traceable to Kornit's secondary offering of ordinary shares in November 2021 (the "Settlement Class")[1]**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs Genesee County Employees' Retirement System, Kranot Hishtalmut Le Morim Tichoniim Havera Menahelet LTD, Kranot Hishtalmut Le Morim Ve Gananot Havera Menahelet LTD, and Hachshara Insurance Company Ltd. ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class, have reached a proposed settlement of the Action for **$19,500,000** in cash (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

The Action involves allegations that Kornit and certain of its senior officers violated the federal securities laws. The Complaint alleges, among other things, that during the Class Period, Kornit, and its Chief Executive Officer Ronen Samuel and its Chief Financial Officer Alon Rozner (collectively, the "Individual Defendants") made material misrepresentations and omissions related to Kornit's business, in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and that the Individual Defendants controlled Kornit when the

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.KornitSecuritiesLitigation.com.

misstatements were made, in violation of Section 20(a) of the Exchange Act.[2] Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Issues and defenses at issue in the Action include, among others, (i) whether Defendants made materially false statements or omissions; (ii) whether Defendants made the statements with the required state of mind; (iii) whether the alleged misstatements caused class members' losses; and (iv) the amount of damages, if any.

A hearing will be held on **________, 2026, at __:__ __.m. Eastern Time**, before the Honorable Madeline Cox Arleo of the United States District Court for the District of New Jersey, either in person in Courtroom 4A of the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, or by telephone or videoconference (in the discretion of the Court), to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as the Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved. If you plan to attend the hearing, you should check the Settlement website, www.KornitSecuritiesLitigation.com, to confirm that no change to the date and/or time of the hearing has been made.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**. This notice provides only a summary of the information contained in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"). You may obtain copies of the Notice and Claim Form on the Settlement Website, www.KornitSecuritiesLitigation.com; by contacting the Claims Administrator at: *Kornit Securities Litigation*, c/o JND Legal Administration, P.O. Box 91050, Seattle, WA 98111; by calling toll free (855) 961-0955; or by emailing info@KornitSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form ***postmarked* (if mailed) or online by no later than __________, 2026**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received* no later than ________, 2026**, in accordance with the instructions set forth in the Notice. If you properly

[2] Capitalized terms not otherwise defined herein shall have the same meaning as in the Stipulation and Agreement of Settlement dated July 2, 2026 ("Stipulation"). The Stipulation can be viewed and/or obtained at www.KornitSecuritiesLitigation.com.

exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received*** **no later than ________, 2026**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*Kornit Securities Litigation*
c/o JND Legal Administration
P.O. Box 91050
Seattle, WA 98111

(855) 961-0955
info@KornitSecuritiesSettlement.com
www.KornitSecuritiesSettlement.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

James A. Harrod
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
(800) 380-8496
settlements@blbglaw.com

By Order of the Court

# Exhibit B

**Exhibit B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE KORNIT DIGITAL LTD. SECURITIES LITIGATION | Master File No. 2:23-cv-00888-MCA-AME<br><br>CLASS ACTION |

**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Kornit Digital Ltd. Securities Litigation*, Case No. 2:23-cv-888-MCA-AME (the "Action");

WHEREAS, (a) Lead Plaintiffs Genesee County Employees' Retirement System, Kranot Hishtalmut Le Morim Tichoniim Havera Menahelet LTD, Kranot Hishtalmut Le Morim Ve Gananot Havera Menahelet LTD, and Hachshara Insurance Company Ltd. ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants Kornit Digital Ltd. ("Kornit" or the "Company") and Ronen Samuel, and Alon Rozner (collectively, the "Individual Defendants," and together with Kornit, the "Defendants," and together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated July 2, 2026 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated ___________, 2026 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule

23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on __________, 2026 (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on __________, 2026; and (b) the Postcard Notice, the Notice and the Summary Notice, all of which were filed with the Court on __________, 2026.

3. **Class Certification for Settlement Purposes** – The Court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of: all persons and entities who purchased or otherwise acquired ordinary shares of Kornit (i) from February 17, 2021, through July 5, 2022, inclusive (the "Class Period"); and/or (ii) pursuant and/or traceable to Kornit's secondary offering of ordinary shares in November 2021. Excluded from the Settlement Class are (a) Defendants; (b) Immediate Family Members of the Individual Defendants; (c) the Former Underwriter Defendants; (d) the subsidiaries and affiliates of Kornit and the Former Underwriter Defendants; (e) any person who is an officer, director or controlling person of Kornit; (f) any entity in which any Defendant or Former Underwriter Defendant has a controlling interest; (g) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (h) the Former Amazon Defendants; and (i) the legal representatives, heirs, successors or assigns of any such excluded party. Notwithstanding the foregoing, any investment company or business entity, or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which the Former Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their respective affiliates may act as an investment advisor, but in which any Former Underwriter Defendant alone or together with its respective affiliates, is not a majority owner or does not hold a majority beneficial interest, shall not be excluded from the Settlement Class. [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4. **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the

Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiffs as Class Representatives for the Settlement Class and appoints Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class. The Court finds that Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **Notice** – The Court finds that the dissemination of the Postcard Notice, Notice, and Claim Form and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the

Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

7. **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

11. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

(b) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Released Plaintiffs' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties.

12. Notwithstanding paragraphs 11(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. **No Admissions** – Defendants deny any wrongdoing, liability, or violation of law or regulation whatsoever, and neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties, or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Released Plaintiffs' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Released Persons and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of May 12, 2026, as provided in the Stipulation.

18. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this ________ day of ________________, 2026.

_______________________________________
The Honorable J. Madeline Cox Arleo
United States District Judge

#4023661

**Exhibit 1**

[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]